## IN RE ABRAHAM J. ISSERMAN, A MEMBER OF THE BAR OF THE STATE OF NEW JERSEY.

Decided February 6, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the report, *John Milton,* prosecutor of the pleas of Hudson county.

*Contra, William H. Speer.*

PER CURIAM.

The majority report of the state board of bar examiners, which report is before us for confirmation, recommends a suspension of Abraham J. Isserman from the practice of his profession for two years, and thereafter until he shall present to the court affidavits of good behavior on his part during said time, and that he has strictly complied with the rule of suspension.

Isserman was convicted in the Court of General Quarter Sessions of Hudson county for a violation of the second clause of section 115 of the Crimes act, in that he had carnal intercourse with the prosecutrix mentioned in the indictment, on June 7th, 1925. She was born on August 14th, 1909, and, therefore, on June 7th, 1925, she was still within the age fixed by the statute for the protection of female children against vice.

In disposing of this case, we have taken into consideration the following circumstances. There was proof that before the prosecutrix met Isserman she had led an immoral and dissolute life; she was physically well developed, and bore the appearance of being beyond the age of sixteen years.

According to Isserman's testimony she represented herself as being twenty-two years of age. Depositions before us of witnesses, whose affidavits were not before the board of bar examiners, are to the effect that they knew and met the prosecutrix in April and May, 1925, and they all state that at that time the physical appearance of the prosecutrix was that of a woman of at least twenty years of age, and that her conduct and speech were those of a woman worldly wise.

The testimony adduced at the trial was not before the board of bar examiners, nor is it before us. It appears that

the case was not tried until January 5th, 1927. Isserman was convicted of the offense as charged in the indictment.

The trial judge seems to have taken into consideration that the facts of the case were of such a nature as not to warrant the imposition of a prison sentence, and, accordingly, imposed a fine, which fine Isserman paid.

The report of the board of bar examiners that the charge of the court on the criminal trial, left it, as a jury question, whether the appearance of the girl justified the belief that she was over sixteen years of age, is not quite accurate.

It appears from the charge of the court that the jury came in for instructions, and the trial judge said: "If the girl was under age" he regretted to state "that under the cold hard ruling of the law the defendant is technically guilty."

There was a letter produced before the board of bar examiners, written by the trial judge, in which he stated that the girl was very worldly wise and admittedly a prostitute for some time before she met respondent; that she was very mature in appearance, and these facts, coupled with the statement that she told the respondent she was twenty-two years old, prompted him to impose a fine instead of a prison sentence.

The affidavits of five individuals, to which reference has already been made, and which affidavits were read and filed by consent of counsel on the hearing before us, make it clear that the prosecutrix was of such physical appearance as to deceive Isserman as to her age. Isserman has atoned for the offense which he committed against the state.

We are only concerned with the question as to whether or not he should be disciplined because of his conduct which led to his conviction, he being a member of the bar of the state.

It appears that prior to the finding of the indictment against Isserman he bore a good reputation as an upright and moral man. His conduct, so far as his professional career is concerned, has not been assailed. His probity and upright dealing as a lawyer has not been questioned. Since his conviction two years have elapsed, and there has been nothing brought to the attention of the board of bar

examiners or to the attention of this court that he has not conducted himself during that time in the practice of his profession and his private walk of life, hororably.

Nevertheless, we cannot overlook the fact that he, as a lawyer, violated the statute, if not, in substance, of the high offense, as denounced therein, and by his own admission was guilty of the statutory offense of fornication.

While, it may be true, that the ecclesiastical courts of England considered fornication a venial offense, and though it was not punishable at common law, it is forbidden by the statute of this state, and even the mere violation of a statute interdicting the doing of an act has been held to involve moral turpitude, and when done by a member .of the bar, it seems to us that such disregard for the statute calls for disciplinary punishment.

We have, therefore, reached the conclusion that a suspension of Isserman for a term of six months from practicing his profession from and after date of service of a copy of a rule to that effect upon him, will be adequate punishment, in addition to that which he has already undergone. An order will be made to the end, as indicated.