**ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK and New York County Lawyers Association, Petitioners-Appellees,**

**v.**

**Abraham J. ISSERMAN, Respondent-Appellant.**

**Nos. 193, 194, Dockets 25160, 25161.**

United States Court of Appeals Second Circuit.

Argued May 8, 1959.

Decided Sept. 9, 1959.

Waterman, Circuit Judge, dissented.

John T. McTernan, Los Angeles, Cal. (Basil R. Pollitt, Brooklyn, N. Y., on the brief), for appellant.

F. W. H. Adams, New York City (George C. Mantzoros, New York City, on the brief), for appellees.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and EDELSTEIN, District Judge.

PER CURIAM.

It is now thoroughly settled that "disbarment by federal courts does not automatically flow from disbarment by state courts." Theard v. United States, 354 U.S. 278, 282, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342; Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585; In re MacNeil, 1 Cir., 266 F.2d 167. Making the thorough examination of the

record which these cases require us to undertake, we are constrained to conclude that Judge Hincks's very careful and precisely buttressed judgment marks the extent of the punishment appropriate for this appellant. Indeed, the two-year suspension of Isserman ordered by Judge Hincks cannot be considered other than severe, particularly in comparison with the actions of Sacher, whose disbarment was found oversevere by the Supreme Court. On the record Isserman's derelictions seem comparatively mild, justifying four justices of the Supreme Court in their statement, "What remains is a finding that he was guilty of several unplanned contumacious outbursts during a long and bitter trial." In re Disbarment of Isserman, supra, 345 U.S. 286, 294, 73 S.Ct. 676, 680, 97 L.Ed. 1013.[1] Hence the two-year suspension should have marked the ending of his punishment. In actuality he has undergone practical suspension for nearly ten years since the close of the Dennis trial. No other of the five attorneys in the case has been disbarred or suspended. Thus the punishment visited on Isserman appears discriminatorily severe and should now be terminated.

We note that the court below made reference, as did the New Jersey court, to Isserman's being fined for a statutory offense as a young man and suspended from practice, where the court went out of its way to stress the limited nature of the offense. In re Isserman, 1928, 6 N.J.Misc. 146, 140 A. 253. In 1933 the New Jersey Court of Pardons granted him a full pardon. There is also some suggestion, which seems unclear as well as unproven, that he may not have disclosed these circumstances of record as much as he should. Compare, however, Mr. Justice Jackson's rebuttal of this point, In re Disbarment of Isserman, supra, 345 U.S. 286, 291, 292, 73 S.Ct. 676, 97 L.Ed. 1013. No separate charges were preferred or hearing had or finding

1. Note also Isserman's comparatively few and relatively mild appearances in the Contempt Certificate, United States v. Sacher, 2 Cir., 182 F.2d 416, 430–453, or in Mr. Justice Frankfurter's recital of trial incidents, Sacher v. United States, 343 U.S. 1, 42–89, 72 S.Ct. 451, 96 L.Ed. 717.

made as to these bygone issues; they seem to us at most too tangential to justify the severe increase in the disciplinary sentence thus urged.

The judgment of disbarment is reversed and the proceeding is dismissed.

WATERMAN, Circuit Judge.

I dissent.