**In the Matter of the Suspension of Neil S. MACKAY from Practice Before this Court.**

**Misc. No. 60.**

United States District Court
D. Alaska.

April 17, 1969.

---

John M. Savage, Edgar P. Boyko, Arthur D. Talbot, Anchorage, Alaska, for respondent.

Ernest Rehbock, Anchorage, Alaska, representing Justices Buell A. Nesbett and John H. Dimond, amici curiae.

## OPINION AND ORDER

BELLONI, Judge:

This matter is before the court on an Order to Show Cause why the respondent should not be suspended from the practice of law before the Federal District Court for the District of Alaska.[1] By order of the Supreme Court of the State of Alaska dated February 8, 1965, respondent was suspended from practice in the state courts for a period of one year. In Re Mackay, 416 P.2d 823 (Alaska 1966). This order was subsequently stayed pending review by the Supreme Court of the United States and did not become final until September 20, 1968.

While a lawyer is admitted to the federal court by way of a state court he is not automatically sent out of the federal court by the same route. Theard v. United States, 354 U.S. 278, 281, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1956); In

Re Ruffalo, 390 U.S. 544, 547, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1967). I have therefore considered all of the evidence de novo and applying the principles set forth in Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917), I have concluded that respondent should not be suspended from practice before this court.

Respondent was admitted to the practice of law in Alaska in March of 1955. Prior to this time he became acquainted with Mary Hill in his capacity as officer of a local bank. After his admission he represented Mrs. Hill in various legal matters. In 1956 Mrs. Hill became the owner of some business property in Anchorage as a result of the death of her first husband. The operation of the property was not profitable for Mrs. Hill and she asked respondent to sell the property for her. Respondent listed the property with a real estate broker but it did not sell. Mary Hill was anxious to sell the property. Finally on January 9, 1957, she and Herman Keno appeared at the office of the respondent where it was agreed that respondent would purchase the property. The idea of the sale to respondent and the terms of payment was Mary Hill's. There is no evidence that respondent pressured or influenced her.

Respondent drafted the contract which provided for a cash payment of $1000 and monthly payments of $150 each month for the remainder of Mary Hill's life. Respondent took Mary Hill to the office of another attorney where the documents were executed. This attorney was not representing Mary Hill but merely read the documents to her. According to the terms of the contract

1. General and Criminal Rules United States District Court for the District of Alaska

  Rule 3(F) Disbarment and Suspension

  Where it is shown to the court that any member of its bar has been disbarred from practice in any state, territory, district, commonwealth or possession, or has been guilty of conduct unbecoming a member of the bar of this court, he will be

forthwith suspended from practice before this court. He will thereupon be afforded the opportunity to show good cause, within twenty (20) days, why he should not be disbarred. Upon his response to the rule to show cause, or upon the expiration of the twenty (20) days if no response is made, the court will enter an appropriate order.

respondent would have paid $31,000 for the property in the event that Mary Hill lived out her life expectancy.

In the fall of 1957 Mrs. Hill married Herman Keno. She and her new husband desired to go to Finland. They attended at the office of the respondent and prevailed upon him to make a lump sum settlement on the contract. Mary Hill Keno suggested the sum of $10,000 cash in full settlement and as additional inducement to the respondent she offered to assign to him a real estate mortgage. Respondent was aware of the spendthrift tendencies of his client and was reluctant to make the settlement. However, he did consent and the sum of $10,000 was paid to the Kenos. Respondent again drafted the documents releasing him of further liability and took the Kenos to another attorney for the purpose of executing the documents.

At the time of this settlement respondent had sold the property for $25,000. Both the Kenos were aware of the sale and the sale price.

Based upon the record[2] I find that the conduct of respondent, standing alone, is not sufficient to warrant suspension from the practice of law before this court. Although there is evidence that Mary Hill Keno was not too conversant in the English language, in all her dealings with respondent relative to this matter she was accompanied by Herman Keno who was fully aware of the transactions and their consequences. Herman Keno has filed an affidavit stating that respondent made full disclosure and did not misrepresent any facts. Mary Hill Keno has filed an affidavit stating that she has no complaint against the respondent. The evidence is insufficient to show overreaching or misconduct by the respondent warranting suspension from the practice of law before this court. The Order to Show Cause is discharged.

---

**2.** The record before Judge Belloni consisted of all of the record considered by the Alaska Supreme Court plus a transcript of a three day hearing at which the Honorable Raymond E. Plummer, United States District Judge for the District of Alaska, presided as master. Fourteen witnesses testified at that hearing and numerous documents were received. Much of that evidence was not heard by the Alaskan Supreme Court.