In the Matter of Disciplinary Proceedings Against Neil S. MACKAY, an Attorney-at-Law.

No. ABA 8.

Supreme Court of Alaska.

Jan. 26, 1970.

Before DIMOND, RABINOWITZ, BONEY and CONNOR, JJ.

## OPINION

DIMOND, Justice.

On December 1, 1961, the Board of Governors of the Alaska Bar Association determined that Neil S. Mackay was not guilty of professional misconduct concerning certain transactions with his client, Mary Hill Keno. Under a section of the Integrated Bar Act (AS 08.08.220) then in effect, the determination of the Board of Governors was final. In 1964 the Supreme Court of Alaska, acting on its own motion, issued a written opinion disagreeing with the determination of the Board of Governors, holding that AS 08.08.220 was unconstitutional in attempting to impose upon the court the mandatory duty of issuing an order in full accordance with the recommendation of the Board of Governors, and holding that Mackay was guilty of professional misconduct and should be disbarred. In re Mackay, 416 P.2d 823 (Alaska 1964). In accordance with this opinion, the court entered an order disbarring Mackay from the practice of law on October 26, 1964.

On January 30, 1965 the court modified its previous decision. It set aside the order of disbarment and ordered Mackay suspended from the practice of law for one year, provided that he pay the sum of $7,500 in restitution. In re Mackay, 416 P.2d 823, 835–840 (Alaska 1965). An order to this effect was issued on February 8, 1965, but was stayed while Mackay pursued his remedies in the federal courts. The order finally became effective in September 1968.

The Alaska Bar Association has consistently supported Mackay's position that the action of this court in suspending him from the practice of law was not justified. Since 1965 Mackay has been restored to membership in the American Bar Association by action of its Board of Governors. In April 1969 the United States District Court for the District of Alaska held that

Mackay's conduct was not sufficient to warrant suspension from the practice of law before that court. In re Mackay, 298 F. Supp. 170 (D. Alaska 1969). In reaching this decision, United States District Judge Robert C. Belloni, of the District of Oregon, sitting by assignment on this case, reviewed the record that had been considered by the Supreme Court of Alaska. He also considered the testimony of 14 witnesses and numerous documents, and noted that much of that evidence was not heard by the Supreme Court of Alaska. Judge Belloni concluded:

> Based upon the record I find that the conduct of respondent, standing alone, is not sufficient to warrant suspension from the practice of law before this court. Although there is evidence that Mary Hill Keno was not too conversant in the English language, in all her dealings with respondent relative to this matter she was accompanied by Herman Keno who was fully aware of the transactions and their consequences. Herman Keno has filed an affidavit stating that respondent made full disclosure and did not misrepresent any facts. Mary Hill Keno has filed an affidavit stating that she has no complaint against the respondent. The evidence is insufficient to show overreaching or misconduct by the respondent warranting suspension from the practice of law before this court. In re Mackay,

298 F.Supp. 170, 172 (D.Alaska 1969) (footnote omitted).

The affidavits of Mary Hill Keno and Herman Keno dated October 29, 1959 and March 8, 1961 respectively, referred to in Judge Belloni's decision, were first brought to the attention of this court when Mackay's petition for rehearing was filed in November 1964, following the court's decision of October 26, 1964. These affidavits were not referred to in the court's opinion on the petition for rehearing. They are significant as tending to support Mackay's position that in his dealings with Mary Hill Keno he had not been guilty of improper conduct.

■ In light of the circumstances related in the preceding two paragraphs, we are of the opinion that the Board of Governors could have reasonably concluded that Mackay was not guilty of professional misconduct, and that the Board's determination should not have been disturbed by this court.

■ Mackay has not asked for reinstatement. But such action on his part is unnecessary. This court has the power on its own motion to correct mistakes, and resulting injustices, which have occurred concerning regulation of the legal profession. Neil S. Mackay is reinstated to the practice of law in the state of Alaska.

NESBETT, C. J., not participating.