243 U.S. 46 (1917)
IN THE MATTER OF THE PETITION OF SELLING ET AL.,
A SPECIAL COMMITTEE APPOINTED BY THE ASSOCIATION OF THE BAR OF THE CITY OF DETROIT,
v.
RADFORD.
No. 21, Original.
Supreme Court of United States.
Submitted November 20, 1916.
Order made March 6, 1917.
PETITION TO DISBAR.
*47 The Solicitor General on behalf of the petitioners.
Mr. Thomas A.E. Weadock and Mr. Harrison Geer for respondent.
MR. CHIEF JUSTICE WHITE delivered the opinion of the court.
George W. Radford was admitted to practice in the Supreme Court of the State of Michigan on the fifteenth day of June, 1876. About ten years thereafter, on March 18, 1886, upon the representation that he had been for the three years preceding a member of the Bar of the highest court of the State of Michigan and upon the further assurance, both conformably with Rule 2 of this court, that his private and professional character appeared to be fair, he was permitted to become a member of the Bar of this court.
Represented by the Solicitor General of the United States, the petitioners as a committee of the Association of the Bar of the City of Detroit, specially appointed for that purpose, seek to procure an order striking Radford from the roll of the members of the Bar of this court on the ground of his personal unworthiness to continue as a member of such Bar. And in coming to consider their request, we understand their sense of pain at being called on to discharge the duty which they unselfishly perform. The original petition filed for that purpose alleged that in a suit brought in a designated court of original jurisdiction in Michigan for the purpose of disbarring Radford for professional misconduct amounting to moral wrong, he had, after notice and full hearing, been found to have committed the wrongful acts complained of and had been disbarred and that such judgment had been approved by *48 the Supreme Court of Michigan in a proceeding by certiorari taken to consider the same. Annexed to the petition was a copy of the opinion and order of disbarment entered by the court of original jurisdiction, as well as a copy of the opinion and order of the Supreme Court of the State in the certiorari proceeding, the same being reported in 168 Michigan, 474.
It was alleged in the petition that notwithstanding the fact that Radford had by the final action of the Supreme Court of the State of Michigan been stricken from the rolls of the courts in that State for the reasons previously stated, he had continued in the City of Detroit to hold himself out as a practicing lawyer entitled to respect and confidence as such because of the fact that he continued to be a member of the Bar of this court, unaffected by the order of disbarment by the courts of the State. After reciting the unseemly condition produced by these circumstances and the disrespect for the state courts which was naturally implied, the prayer was for a rule to show cause and for the awarding, on the return to such rule, of the order of disbarment which was sought.
An answer was made to the rule to show cause and a brief filed in support of the same, as to which we think it suffices to say for our present purposes that both the answer and the brief take a much wider range than is permissible and rely upon much that is here irrelevant, not to say in some respects improper to be considered, as the prayer for the enforcement of the judgment of the court of last resort of Michigan is not to be converted into a trial of the courts of that State or of the members of the Detroit Bar Association on behalf of which the petition was filed.
Beyond all question, when admission to the Bar of this court is secured, that right may not be taken away except by the action of this court. While this is true, it is also true that the character and scope of the investigation to *49 be made on a prayer for disbarment, before sanction is given to it, must depend upon the character of the acts of misconduct and wrong relied upon, of the place of their commission and the nature of the proof relied upon to establish their existence.
While, moreover, it is true that the two conditions, membership of the Bar of the court of last resort of a State and fair private and professional character, are prerequisites to admission here, there is a wide difference in the nature and effect of the two requirements. This follows, because the first, although a prerequisite to admission here, is ephemeral in its operation since its effect is exhausted upon admission to this Bar which it has served to secure,  a result which becomes manifest by the consideration that although the membership of the Bar of the court of last resort of a State after admission here might be lost by change of domicil from one State to another, if so provided by the state law or rule of court, or by any other cause not involving unworthiness, such loss would be wholly negligible upon the right to continue to be a member of the Bar of this court. The second exaction, on the contrary, is not ephemeral and its influence is not exhausted when the admission based upon it is secured since the continued possession of a fair private and professional character is essential to the right to be a member of this Bar. It follows, therefore, that the personality of the member and these inherent and prerequisite qualifications for membership of this Bar are indivisible, that is, inseparable. They must, if they exist, follow the personality of one who is a member of the Bar and hence their loss by wrongful personal and professional conduct, wherever committed, operates everywhere and must in the nature of things furnish adequate reason in every jurisdiction for taking away the right to continue to be a member of the Bar in good standing.
In the light of these conclusions, the question is: What, *50 consistently with the duty which rests upon us, is exacted in dealing with the situation now presented?
In coming to solve that question three things are patent: (a) That we have no authority to re-examine or reverse as a reviewing court the action of the Supreme Court of Michigan in disbarring a member of the Bar of the courts of that State for personal and professional misconduct; (b) that the order of disbarment is not binding upon us as the thing adjudged in a technical sense; and (c) that, albeit this is the case, yet as we have previously shown, the necessary effect of the action of the Supreme Court of Michigan as long as it stands unreversed, unless for some reason it is found that it ought not to be accepted or given effect to, has been to absolutely destroy the condition of fair private and professional character, without the possession of which there could be no possible right to continue to be a member of this Bar.
Meeting this situation, we are of opinion that on the case presented our duty is not to review the action of the state court of last resort  a power which we do not possess , not wholly to abdicate our own functions by treating its judgment as the thing adjudged excluding all inquiry on our part, and yet not, in considering the right of one to continue to be a member of the Bar of this court, to shut our eyes to the status, as it were, of unworthiness to be such a member which the judgment must be treated as having established, unless for some reason we deem that consequence should not now be accepted. In other words, in passing upon the question of the right to continue to be a member of the Bar of this court, we think we should recognize the absence of fair private and professional character inherently arising as the result of the action of the Supreme Court of Michigan so far as we are at liberty to do so consistently with the duty resting upon us to determine for ourselves the right to continue to be a member of this Bar. That is to say, we are of opinion *51 that we should recognize the condition created by the judgment of the state court unless, from an intrinsic consideration of the state record, one or all of the following conditions should appear: 1. That the state procedure from want of notice or opportunity to be heard was wanting in due process; 2, that there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a clear conviction on our part that we could not consistently with our duty accept as final the conclusion on that subject; or 3, that some other grave reason existed which should convince us that to allow the natural consequences of the judgment to have their effect would conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles of right and justice, we were constrained so to do.
In concluding that our duty is to give effect to the finding of the state court establishing the want of fair private and professional character subject to the limitations stated, we confine ourselves to the case before us and therefore do not in the slightest degree call in question the ruling in Ex parte Tillinghast, 4 Pet. 108, that a mere punishment for contempt by an inferior federal court was not a sufficient ground for preventing admission to the Bar of this court, there being nothing to indicate that the action of the inferior court was based upon the doing of acts which inherently and necessarily deprived the applicant of the fair private and professional character essential to admission.
Thus defining what is open to our consideration, we think we ought not to foreclose the subject on the answer made to the rule to show cause in the proceeding which is now before us, but that an opportunity should be afforded the respondent, confining himself to the propositions stated, if he is so advised, to file the record or records of the state court within thirty days from this date with *52 permission by printed brief, considering the record intrinsically, to point out any ground within the limitations stated which should prevent us from giving effect to the conclusions established by the action of the Supreme Court of Michigan which is now before us, as we have seen, as part of the petition we are now considering.
It is so ordered.