### In re BARTON.
### No. 3019 K.

District Court, N. D. California, S. D. Dec. 30, 1931.

Daniel Barton, of San Francisco, Cal., in pro. per.

Philbrick McCoy, of Los Angeles, Cal., Counsel for the State Bar of California, as amicus curiæ.

KERRIGAN, District Judge.

The petitioner, Daniel Barton, has been suspended from the practice of law before the state courts by the Supreme Court of the State of California for a period of six months which commenced August 27, 1931. 2 P.(2d) 149. Rule 10 of the Rules of Practice for this district provides, in substance, that upon the disbarment or suspension of any member of the bar of this court by any court of competent jurisdiction, such member shall be forthwith suspended from practice in this court, and, unless within forty days upon notice he shows good cause to the contrary, he shall be subjected to the same disciplinary action by this court. Within the forty-day period specified in the rule Barton has attempted to show cause why he should not be disciplined by this court. He endeavors to question the correctness of the decision of the California Supreme Court and asks that it be disregarded in determining his right to practice here.

This case squarely raises the question as to what effect this court will give to the action of the state court in disciplining the members of its bar who are also members of the bar of this District Court.

This court has relied upon the standards established by the state courts in determining the right to admission to practice before it. Rule 9 provides: "Attorneys must, upon applying for admission, show that they are entitled to practice in the highest court of the State of California." Similarly in disbarment matters, this court will avail itself of the benefit of the action of the state courts.

In the case of Selling v. Radford, 243 U. S. 46, 37 S. Ct. 377, 61 L. Ed. 585, Ann. Cas. 1917D, 569, the Supreme Court of the United States carefully considered the effect that it would give to a state court's order disbarring one of the members of the Supreme Court's bar. It held that disbarment by the state court would be evidence of such want of fair private and professional character as to warrant disbarment by the Supreme Court unless it appeared from an intrinsic consideration of the record either (1) that the state procedure was wanting in due process because of lack of notice or opportunity to be heard, or (2) that there was such want of proof as to the facts found as to give rise to a clear conviction that the decision should not be followed, or (3) that there existed some grave reason which convinced the court that it would be a violation of its duty to disbar on the basis of the state court's order.

In accordance with these principles, this court will follow the ruling of the state courts in matters involving the discipline of attorneys who are members of the bar of each court, unless upon the proceedings to show cause the attorney is able to establish from an intrinsic consideration of the record of the state court that one or more of the defects enumerated in Selling v. Radford is to be found therein. While it is true that the action of a state court is not conclusive upon a United States District Court in such disciplinary matters, it is felt that the careful consideration and judgment of the state court are worthy of great respect, are welcomed by the District Court, and will be followed subject to the qualifications which I have mentioned.

In this case the record does not intrinsically disclose any such infirmity as would warrant this court in refusing to follow the order of suspension.

It is therefore ordered that Daniel Barton be suspended from the practice of law in the United States District Court for the Northern District of California for a period of six months, which shall commence as of August 27, 1931.