O’CONNELL, Justice.
This cause is before us on respondent’s petition for review of the judgment of the Board of Governors entered after the further proceedings had pursuant to our first opinion in this cause reported at 179 So.2d 193.
Following remand of this cause the referee did not take additional testimony but did reexamine and reconsider the entire record, including the record of the proceedings held in New York. Following the guidelines laid down in our earlier opinion the referee found that respondent should be disciplined in Florida only for two of the four acts of misconduct which were made the basis of the order of disbarment entered by the New York court. Matter of Wilkes, 11 A.D.2d 35, 201 N.Y.S.2d 524. The referee recommended that respondent be disbarred for a period of five years retroactive to the date in 1963 on which the Bar’s complaint in this cause was filed *473 against respondent. The Board of Governors in due course entered its judgment approving the findings and recommendations of the referee. The Board ordered the respondent disbarred until October 3, 1968, and thereafter until the respondent shall demonstrate to the Board and this court that he is eligible for reinstatement and shall have paid the costs of this proceeding. It is this order which we now undertake to review.
In its order of disbarment the New York court found the respondent guilty of (1) violating the terms of an escrow agreement “by misappropriating funds which rightfully belonged to his client,” (2) misadvis-ing a “client as to the validity of a Mexican ex parte divorce,” and (3) violating Canon 9, Canons of Professional Ethics, Judiciary Law, Appendix, “by directly communicating with a party represented by counsel in an attempt to influence a favorable settlement of a personal injury action.” Although respondent was not charged therewith the New York court found that respondent failed to appear in that proceeding and had apparently abandoned his law practice.
The referee properly found that respondent had not been charged with abandoning his practice and therefore that the statement in the New York court’s opinion should not constitute an adjudication of misconduct to be counted against respondent in these proceedings. The referee also found that although respondent had been charged in the New York proceedings with “misadvising and assisting a client to obtain a void Mexican divorce,” the New York court found only that he “misadvised his client as to the validity” of such a divorce. The referee was of the opinion, and we think correctly, that a finding that respondent “misadvised” a client is too indefinite and in any event was not actionable misconduct. However, the referee found that the evidence supported a finding of guilt of the two remaining charges and that there was no mitigating circumstances to alleviate the effect of the acts complained against. We think the referee and the Board of Governors reached the proper conclusion and should be affirmed.
We do not agree that disbarment for five years from October 3, 1963, i. e. until October 3, 1968, is necessary to accomplish the purpose of discipline under the facts of this case.
The acts complained of were committed by respondent in 1958 or 1959. Thus, seven or eight years have elapsed since their commission. This is an adequate period of time to be reviewed by The Florida Bar and this court in determining whether the respondent has rehabilitated himself and is eligible to be reinstated as a member of The Florida Bar without endangering either the public interest or the face of the legal profession.
For the foregoing reasons the respondent is suspended from the practice of law in this state until such time as he shall demonstrate to The Florida Bar and to this court that he has rehabilitated himself and that he should be reinstated to practice law in this state. Respondent shall also pay the costs of this proceeding for which let execution issue.
It is so ordered.
THOMAS, Acting C. J. and ROBERTS, DREW and ERVIN, JJ., concur.