In re Jerome P. TROY, Appellant.

No. 74–1229.

United States Court of Appeals, First Circuit.

Heard Oct. 8, 1974.

Decided Nov. 1, 1974.

Certiorari Denied March 17, 1975.
See 95 S.Ct. 1412.

Lawrence F. O'Donnell Boston, Mass., for appellant.

Richard J. Vita, Boston, Mass., for Massachusetts Bar Association.

Before COFFIN, Chief Judge, ALD-RICH and McENTEE, Circuit Judges.

PER CURIAM.

This is an appeal from disbarment from the federal bar in Massachusetts, after a hearing before three district court judges based upon the transcripts of testimony, exhibits proffered, and the ultimate decision reached in a state action against the appellant brought before the Supreme Judicial Court of Massachusetts. The conclusions reached by the Massachusetts court resulted in appellant's removal as judge of the Dorchester District Court and disbarment from the Massachusetts bar. In Matter of Troy, 193 Mass.Adv.Sh. 1107, 306 N.E.2d 203.

■ The appellant raises three separate grounds to challenge the proceedings below. The first is that the district court inappropriately considered the findings of the Supreme Judicial Court. This claim rests in part on the assertion that that court had no power under the Constitution of the Commonwealth to remove the appellant as judge; that under Massachusetts law such power was vested in the legislature. But the Massachusetts law has been definitely interpreted to permit such removal from judicial office by the highest court of the state. Matter of DeSaulnier, 1971 Mass.Adv. Sh. 1345, 274 N.E.2d 454. This interpretation is binding upon us. Moreover, the power to remove Massachusetts judges was never at issue before the federal court, the single question being the qualifications of the appellant as a member of the bar. The Massachusetts court's authority to examine qualifications of bar members, except as to the procedural matter discussed

as appellant's third claim, infra, is not being challenged by appellant. See, e. g., Matter of Mayberry, 295 Mass. 155, 3 N.E.2d 248 (1936); Boston Bar Ass'n v. Greenhood, 168 Mass. 169, 46 N.E. 568 (1897).

■ The appellant's second claim is that the evidence adduced in the state proceeding demonstrated only a failure to meet the high requirements of judicial propriety and that the standard for membership in the bar is a lower one. We could take issue with the premise that standards are or must be different, as did the district court, but note instead that even accepting the distinction for present purposes, there was ample evidence to support disbarment. The charges were not of mere inattention to judicial responsibility. Aside from violation of the court rules and denial of the rights of defendants who had appeared before appellant, there were findings of gross abuse of the judicial process. The information alleged and the Massachusetts court found that appellant had deliberately violated the terms of a license and that in testifying before the Superior Court on this matter he had purposefully misled the court. The Supreme Judicial Court found there had been purposeful alteration of court records in an effort to conceal evidence and that appellant had filed under penalty of perjury knowingly false answers to interrogatories. In finding this last fact the Massachusetts court rejected the testimony appellant gave as "entirely incredible. We do not believe that there was any failure of memory. We find instead a deliberate, calculated, persistently repeated lie." In Matter of Troy, 306 N.E.2d at 223. It is unnecessary to go into the remainder of the court's findings. An attorney's obligation in such instances is clear. Disbarment based on such findings is well founded:

"[A] fair private and professional character is essential to the right to be a member of [the federal] Bar. . . . [T]heir loss by wrongful personal and professional conduct, where-

**748**

ever committed, operates everywhere and must, in the nature of things, furnish adequate reason in every jurisdiction for taking away the right to continue to be a member of the Bar in good standing." Selling v. Radford, 243 U.S. 46, 49, 37 S.Ct. 377, 378, 61 L.Ed. 585 (1917).

█ The appellant's third and final claim is that he was denied due process by the Massachusetts court's failure to provide adequate notice of the possibility that the proceeding could result in disbarment. There is no dispute as to the necessity of providing due process where disbarment is threatened. It is clear that the district court may rely upon the findings of the state court only if the state procedure afforded due process. Selling v. Radford at 51, 37 S.Ct. 377.

█ It was, therefore, incumbent upon the district court and upon this court to examine the record to determine whether there was adequate notice. The district court ruled that the disbarment of a judge that took place in Matter of DeSaulnier, 1972 Mass.Adv.Sh. 65, 279 N.E.2d 296, put appellant on notice. We need not rely exclusively on that point. Having examined the information, pleadings and pretrial motions, we find that appellant had actual notice of the possibility of disbarment prior to the state hearing. Not only was the proceeding initiated by·the Bar Association, but the amicus curiae "The People First" in the petition to intervene and the motion to present arguments and briefs as amicus, specifically sought disbarment and described the Bar Association petition as being based in part on its earlier letters to the bar requesting investigation and possible disbarment. Finally, in a prehearing motion to dismiss filed by the appellant, the reasons stated in support of the motion included a claim that "the allegations of the amended petition, even if proven as true, would not warrant disbarment, suspension or censure." It is clear that appellant was on notice

as to the possible ramifications of an adverse finding. The district court appropriately relied upon the state court procedure.

Affirmed.