Ronald W. MAYES, Plaintiff-Appellant,

v.

Larry Joe HONN et al.,
Defendants-Appellees.

No. 76–1246.

United States Court of Appeals,
Tenth Circuit.

Submitted Sept. 1, 1976.
Decided Oct. 7, 1976.
Rehearing Denied Nov. 22, 1976.

Ronald W. Mayes, pro se.

John R. Martin and Philip A. Harley, Asst. Attys. Gen., Topeka, Kan., for defendants-appellees.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Kansas dismissing a so-called civil rights action brought pursuant to 42 U.S.C. Section 1983. The incident which gave rise to this lawsuit was the judgment of the Kansas Supreme Court disbarring appellant as a lawyer and holding him " 'guilty of disregarding the duties of honesty, fidelity, candor and fairness he owes to his clients . . . and . . . [of being] . . an unsafe person to manage the legal affairs of others.' " *State v. Mayes,* 216 Kan. 38, 43, 531 P.2d 102, 106 (1975), quoting Panel Report of State Board of Law Examiners, as amended, February 20, 1974.

Following the entry of the order, appellant did not choose to seek review in the Supreme Court of the United States by writ of certiorari. Instead he filed the present civil rights action in which he named all of the Justices of the Supreme Court of Kansas, the complainants, who were his former clients, the witnesses who testified against him in the disbarment proceedings, the members of the State Board of Law Examiners who held a hearing on the complaints, the court reporter who transcribed proceedings at the hearing, and members of the Kansas Attorney General's Office. The action sought actual damages of $20 million and punitive damages of $100 million.

In the complaint which contained 39 counts it was alleged that the Justices of the Kansas Supreme Court conspired against him by wrongfully and incorrectly interpreting the laws of the state; that

members of the State Attorney General's Office conspired against him; that the court reporter falsely certified that the hearing transcript was true and correct; that the witnesses lied, etc.

The several defendants moved to dismiss the complaint, which motion was granted by the District Court. The trial court held that it was a collateral attack on the judgment of disbarment, although recognizing that there was no direct attack on the disbarment proceedings. The court considered the official file of the disbarment proceedings and noted from that that the action is a "direct reflection of the state disbarment proceedings, wherein Mayes alleges that all of the hearing, documents, evidence, briefs, deliberations, recordings, court proceedings, rulings, and opinions, were false, fraudulent, and a part of an enormous, ongoing criminal conspiracy, in violation of state and federal law, to deprive him of his constitutional rights." The trial court's opinion then reviewed the charges made by appellant against the various defendants and determined that plaintiff in actuality sought the review in federal court of the entire state court proceedings leading to his disbarment. The court then noted that it was inappropriate and unlawful for a federal court to entertain an appeal and to review proceedings of state court disbarment proceedings.[1]

Numerous points are advanced on this present appeal including the contention that the District Court considered the affirmative defenses of res adjudicata, collateral estoppel, and judicial or quasi-judicial immunity. He also argues that the court erred in denying his motions for summary judgment and in denying his motions to strike various portions of the defendants' answer.

We need not consider the latter arguments for the reason that the Section 1983

---

1. Citing *Selling v. Radford,* 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917); *Schware v. Board of Bar Examiners,* 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); *Konigsberg v. State Bar of California,* 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957); *Theard v. United States,* 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957). Also relied on was this court's decision in *Gately v. Sutton,* 310 F.2d 107 (10th Cir. 1962), in which proceedings similar to the present ones were held to be invalid.

suit in the District Court as well as the appeal are plainly insubstantial and wholly lacking in merit, whereby the judgment of the District Court dismissing the action was correct.

■■■■ The point which we consider determinative is that which pertains to the misuse of the Section 1983 civil rights action, that is, the attempted use of it as an appeal in an effort to secure a review of the disbarment decision of the Supreme Court of Kansas. By its terms Section 1983 is intended to remedy violations of constitutional rights. It is not to be used as an implement or tool to obtain an appeal which is otherwise not obtainable.

It is clear from the appellant's complaint and his brief that he seeks to have the federal court review in detail the disbarment proceedings and to consider whether the witnesses testified truthfully, the correctness of the court reporter's certification, the competency of the State Bar hearing panel and members of the State Attorney General's Office, and finally the correctness of the State Supreme Court's decision. He thus asks us to consider errors of law of the District Court.

We need not pass on the adequacy of the argument that the proceeding is invalid because it is a collateral attack on the Kansas judgment. If the case was a bona fide civil rights action which showed some promise of success with respect to civil rights violations (of constitutional dimension), it might be that the fact that it also collaterally attacks proceedings in the state court would not be significant. The truly significant fact is that this lawsuit was brought, as the District Court found, in order to get an appeal in federal court under the guise of a civil rights action. The fact that the trial court found this to be a fact and to be true, together with the sufficiency of evidence to support such a conclusion, furnishes a basis for upholding the judgment. Accordingly, we need not determine whether the fact that it might also be an invalid collateral

attack in and of itself renders the appellant's effort illegal. The fact then that it is a grossly insufficient civil rights action, one which lacks a substantial federal question and which simply seeks a decision that the Kansas court erred in law in the conduct of its proceedings and in its judgment, is an adequate basis.[2]

It is unnecessary for us also to consider the further proposition that most of the defendants are immune from suit. See *Pierson v. Ray,* 386 U.S. 547, 554–55, 87 S.Ct. 1213, 1318, 18 L.Ed.2d 288 (1967), which recognized absolute immunity for judges. See also *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), holding that the prosecutors are also immune as a result of their prosecuting activities. The fact of this absolute immunity cannot be questioned nor can the quasi-judicial immunity enjoyed by the State Board of Law Examiners be questioned. See *Clark v. State of Washington,* 366 F.2d 678, 681 (9th Cir. 1966); *Rhodes v. Meyer,* 334 F.2d 709, 718 (8th Cir. 1964). The reason that we do not feel impelled to invoke these doctrines is because this cause was determined in the District Court on motion to dismiss and the immunity defenses were not in issue.

Based, then, on our conclusion that this lawsuit is not a proper civil rights action either in form or substance and that it is palpably lacking in merit, we conclude that the judgment should be and is hereby affirmed.

■■■■

---

2. See *Wells v. Ward,* 470 F.2d 1185 (10th Cir. 1972); *Freeman v. Flake,* 448 F.2d 258 (10th Cir. 1971), *cert. denied,* 405 U.S. 1032, 92 S.Ct. 1292, 31 L.Ed.2d 489 (1972).