Janice G. HICKS

v.

COMMITTEE ON ADMISSIONS TO PRACTICE IN the UNITED STATES DISTRICT COURT FOR the EASTERN DISTRICT OF TENNESSEE and Robert S. Young, Jr.

Civ. No. 3–77–125.

United States District Court,
E. D. Tennessee, N. D.

March 30, 1977.

Janice G. Hicks, pro se.

## ORDER

ROBERT L. TAYLOR, District Judge.

Plaintiff recently applied for admission to practice in this Court. The Standing Committee for Admissions to the Bar (of the Northern Division, Eastern District of Tennessee) denied her application on the ground that, although she is licensed to practice law in the State of Tennessee, she had not been "admitted" to practice before the Supreme Court of the State of Tennessee. *See* Exhibit 4 to the Complaint.

The Clerk of the Court advised plaintiff, through the Committee Chairman, that he would "be glad to accommodate [plaintiff] in any way that [he] could" with regard to plaintiff's anticipated participation in a case set for trial on June 2, 1977. The Committee Chairman advised plaintiff that he would sponsor her before this Court after she was "introduced formally" to the Supreme Court of Tennessee. The Committee Chairman, like the other members of the Committee, serves without compensation.

Plaintiff seeks a declaratory judgment overturning the Committee's decision. Rule No. 1 of the Revised Rules of the United States District Court for the Eastern District of Tennessee, provides in pertinent part:

"(a) It shall be requisite for the admission of an attorney and counselor to practice in this Court . . . (2) that he shall be *admitted and entitled* to practice in the Supreme Court of the State of Tennessee . . . ." (emphasis added)

The meaning of this Rule is plain. Plaintiff's license may "entitle" her to practice before the Courts of Tennessee, but the Rule also requires that she be "admitted" to practice in the Supreme Court of Tennessee. The Clerk of the Supreme Court has no official record, or enrollment, of plaintiff's name as an attorney duly admitted by that Court. Until plaintiff is officially admitted and enrolled by the Supreme Court of Tennessee, she has not met the requirements for admission to this Court.

Plaintiff suggests that she is unable to make a personal appearance before the Supreme Court to be sworn in and formally admitted. The Court notes she could make a personal appearance before the Tennessee Supreme Court for the purposes of taking the oath and being officially admitted during any of that Court's designated sittings here in Knoxville in the Eastern Division. As the Committee Chairman mentioned in his second letter to plaintiff, the Supreme Court will sit again in Knoxville in May, before the scheduled trial date in this Court, and thus not require plaintiff to travel to Nashville. *See* Exhibit 4 to the

304

complaint. The Court is of the opinion that both the Clerk of this Court and the Chairman of the Standing Committee on Admissions to the Bar of this Court have extended every effort to accommodate the plaintiff, but she simply has failed to satisfy the reasonable requirements for admission.

Plaintiff further contends that she was denied due process of law because the Committee did not afford her a hearing. The facts surrounding plaintiff's application were not in dispute and she was not entitled to a hearing.

Plaintiff's final contention is that the requirements of Revised Rule No. 1 contravene the Fifth Amendment. This contention is patently without merit. The establishment of reasonable standards for admission to practice is well within the power of the Court. *See Selling v. Radford*, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917).

Accordingly, it is ORDERED that this case be, and the same hereby is, dismissed.