**GREER'S REFUSE SERVICES, INC., Plaintiff,**

**and**

**Donald E. Wilkes, Appellant,**

**v.**

**BROWNING–FERRIS INDUSTRIES OF DELAWARE, et al., Defendants.**

**No. 85–3426.**

United States Court of Appeals, Eleventh Circuit.

Feb. 18, 1986.

William H. Maness, Jacksonville, Fla., for appellant.

Dorothea Beane, Asst. U.S. Atty., Jacksonville, Fla., for defendants.

Before RONEY and CLARK, Circuit Judges, and FAIRCHILD *, Senior Circuit Judge.

---

* Honorable Thomas E. Fairchild, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

CLARK, Circuit Judge:

Donald E. Wilkes brings this appeal from the granting of motions to disqualify him from further representation in this case and to suspend him from the further practice of law before the United States District Court for the Middle District of Florida. We reverse and remand so that the district court may give the proper intrinsic consideration to the underlying record of the proceedings concerning Wilkes' membership in various Bars, such intrinsic consideration as was given to the case of Wilkes by the District Court for the Southern District of Florida.

### I.

In 1950, Wilkes was admitted to the Florida Bar. That same year he was also admitted to the federal bar in the Southern District of Florida and was grandfathered into the Middle District when it was carved out of the Southern District. In 1953, he was admitted to practice in the State of New York.

In 1960, Wilkes was disbarred in New York based upon charges of "the converting and misappropriating of clients' funds, communicating directly with a party represented by counsel in an attempt to negotiate a settlement, and misadvising and assisting a client to obtain a void Mexican divorce." *In re Wilkes*, 11 A.D.2d 35, 201 N.Y.S.2d 524, 524–25 (N.Y.App.Term. 1960). Proceedings for his disbarment in Florida were begun in 1963 based upon the New York disbarment. The first time the case against Wilkes reached the Florida Supreme Court, it was remanded for reconsideration by a referee with instructions that the record underlying the New York judgment be carefully examined.[1] *Florida Bar v. Wilkes*, 179 So.2d 193 (Fla.1965). When it reached the Florida Supreme Court a second time, Wilkes was suspended from practice in the state until he applied for and was granted reinstatement. *Florida Bar v. Wilkes*, 199 So.2d 472 (Fla.1967), *cert.*

*denied*, 390 U.S. 983, 88 S.Ct. 1104, 19 L.Ed.2d 1280 (1968). "Wilkes has never requested reinstatement to the Bar of Florida, evidently because he feels that such a request would be tantamount to admitting guilt as to the charges against him." *In re Wilkes*, 494 F.2d 472, 474 (5th Cir.1974). He has remained suspended in Florida to date.

In 1971, Wilkes filed with the United States District Court for the Southern District of Florida a "Motion to Confirm Credentials Before the Courts of the Southern District." Wilkes claims that he first requested leave of Chief Judge McRae of the Middle District of Florida to file his motion with that court but that Judge McRae denied leave, reasoning that Wilkes' original admission was in the Southern District and that it would thus be the better forum. Wilkes further claims that Judge McRae assured him that the outcome of the motion in the Southern District would be deemed determinative of his right to practice in the Middle District. *See* Brief of Appellant at 10. Wilkes' only authority for these claims is an affidavit from his attorney. *See* Record at 31–34.

Judge Mehrtens of the Southern District treated Wilkes' petition as one for reinstatement rather than confirmation, incorrectly assuming that Wilkes had been suspended from the Southern District Bar in 1967 when he was suspended from the Florida Bar. Judge Mehrtens thus dismissed the petition on grounds that abstention was proper until Wilkes availed himself of his right to apply for reinstatement to the Florida Bar.

On appeal, the Fifth Circuit, in *In re Wilkes*, 494 F.2d 472 (5th Cir.1974), held that:

(A) Wilkes is on solid ground in asserting that disbarment by federal courts does not automatically flow from disbarment by state courts. Federal courts must "determine for ourselves the right to continue to be a member

---

1. The Florida Supreme Court also rebuked the referee for his apparent reliance upon Wilkes' religious and philosophical beliefs and activities

in formulating his recommendation of disbarment or suspension. *Florida Bar v. Wilkes*, 179 So.2d 193, 200–01 (Fla.1965).

of ... [the federal Bar]" after giving "intrinsic consideration" to the underlying record.

*Id.* at 474–75 (quoting *Selling v. Radford,* 243 U.S. 46, 50–51, 37 S.Ct. 377, 378–79, 61 L.Ed. 585 (1917)) (citations omitted).

(B) The trial court was mistaken in assuming that Wilkes ever was suspended from practice before the Southern District. We conclude, therefore, that the court erred in treating the petition as one for reinstatement, and in deciding on that basis that it should abstain pending an application by Wilkes for reinstatement in Florida.

*In re Wilkes,* 494 F.2d at 475.

and

(C) The court, on the allegations in the petition, should have given "intrinsic consideration", under the *Selling* [*v. Radford,* 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917)], *Theard* [*v. United States,* 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957)], and [*In re* ] *Ruffalo* [, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968)] decisions to the grounds relied on by the New York and Florida courts. A remand will be required in this case so that the district court may hold a hearing (in effect a de novo hearing) to conduct such an inquiry. Federal courts must "determine for ourselves the right to continue to be a member of ... [the federal] Bar" after giving "intrinsic consideration" to the underlying record to verify whether "one or all of the following questions ... appear: (1) that, the state procedure, from want of notice or opportunity to be heard, was wanting in due process; (2) that there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a clear conviction on our part that we could not, consistently with our duty, accept as final the conclusion on that subject; or, (3) that some other grave reason existed which should convince us that to allow the natural consequences of the judgment to have their effect would conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles of right and justice, we were constrained so to do." *Selling v. Radford,* 243 U.S. 46, 51, 37 S.Ct. 377, 379, 61 L.Ed. 585.

*In re Wilkes,* 494 F.2d at 476–77.

On remand, the Southern District, sitting en banc, adopted the conclusion of a grievance committee formed to fully investigate the Wilkes matter that "there now exists no present basis for holding Mr. Wilkes disqualified from continuing to practice law before the Federal Courts in this State ..." and granted Wilkes' Petition to Confirm Credentials. *See* Record at 14.

On December 16, 1983, the defendants in the instant action filed a motion with the United States District Court for the Middle District of Florida to suspend and disqualify plaintiff's counsel, Donald Wilkes. Wilkes filed a memorandum in opposition to this motion to suspend and disqualify on December 30, 1983. On April 9, 1985, a three judge panel of the Middle District granted both the motion to disqualify Wilkes from further representation in this case and the motion to suspend Wilkes from further practice in the Middle District of Florida. *See* Record at 132–139.

## II.

Wilkes' arguments on appeal are basically that:

1. The District Court for the Middle District of Florida erred in failing to give "intrinsic consideration" to the record in the underlying state disbarments; and

2. The District Court for the Southern District of Florida has already adjudged him qualified to practice before all federal courts of the state after giving intrinsic consideration to the underlying record, and the Middle District of Florida thus has no business reconsidering the Southern District's findings.

■ This circuit's precedent clearly requires that "[f]ederal courts must 'determine for ourselves the right to continue to be a member of ... [the federal Bar]' after giving 'intrinsic consideration' to the underlying record." *In re Wilkes,* 494 F.2d at 474–75 (quoting *Selling v. Radford,* 243 U.S. at 50–51, 37 S.Ct. at 378–79). The panel of the Middle District of Florida, however, did not give intrinsic consideration to the records of Wilkes' suspension and disbarment in Florida and New York respectively. Indeed, the court had neither the record in the Florida proceeding nor the record in the New York proceeding in its possession when it considered the status of Wilkes.[2] Instead, it relied upon "the Court's own examination of the opinions of the Florida Supreme Court...." Record at 138.

The motions to suspend and disqualify Wilkes were brought under authority of current Rule 2.04(b) of the Local Rules of the Middle District of Florida, which provides:

> Whenever it appears to the Court that any member of its bar ... has been disbarred or suspended from practice by the Supreme Court of Florida, or by any other Court of competent jurisdiction, ... such disbarment, suspension or conviction shall, twenty (20) days thereafter, operate as an automatic suspension of such attorney's right to practice in this Court; provided, however, the attorney may file, within such twenty (20) day period, a petition, with copy served upon the United States Attorney, seeking relief from the operation of this rule, and if a timely petition is filed, suspension shall be stayed until such petition is determined. If such a petition is filed by an attorney who has been admitted to practice generally under rule 2.01 of these rules, it shall be heard and determined by the Chief Judge of the Court sitting with any two or more of other judges of the District as the Chief Judge shall designate....

This type of rule was implicitly approved in Justice Frankfurter's opinion for the Court in *Theard v. United States:*

> The rules of the various federal courts, more particularly the District Court which disbarred this petitioner, have provisions substantially like the present Rule 8 of this Court, 28 U.S.C.A., dealing with disbarment. "Where it is shown to the court that any member of its bar has been disbarred from practice in any State, Territory, District, Commonwealth, or Possession, or has been guilty of conduct unbecoming a member of the bar of this court he will be forthwith suspended from practice before this

---

**2.** In its order, the district court seemed to place some reliance upon the fact that Wilkes had not supplied the records of the state proceedings: "Additionally, as noted earlier, Wilkes has not supplied this Court with the record of either the New York or the Florida proceedings...." Record at 138. However, the record does not show that the district court ever requested that Wilkes supply the New York record. The district court did order, on February 29, 1984, that Wilkes obtain the Florida state record and file it with the court by March 5, 1984. *See* Record at 58. Yet, it did so only five days after Wilkes had filed notice with the court that he would be out of state for health reasons from February 25 through March 25, 1984 and requested that the court thus take no action in the case until April 1, 1984. *See* Record at 30. Furthermore, on March 9, 1984, Wilkes' attorney filed a motion to vacate the district court order of February 29, *see* Record at 15, but the record indicates that no action was ever taken on this motion.

In addition, the record shows that Wilkes did on June 28, 1984, file a motion in the Southern District of Florida seeking to have the record in the Southern District proceedings made available to Chief Judge Hodges of the Middle District (which record would presumably include the New York and Florida state records since they were considered by the Southern District). *See* Record at 167–68. On July 16, 1984, Chief Judge Eaton of the Southern District responded: "If Chief Judge Wm. Terrell Hodges of the Middle District of Florida requests the 'documents and matters' that you seek in your June 28, 1984 'Motion for Access to Confidential Records' they will be provided to him forthwith." Record at 169. The record shows no request by the Middle District court for this record.

Thus, the crux of the point that we derive from the record is that Wilkes cannot be charged with a failure to obtain records over which he had no control. We do not find that the district court based its suspension on Wilkes' failure to obtain these records.

court. He will thereupon be afforded the opportunity to show good cause, within forty days, why he should not be disbarred." Disbarment being the very serious business that it is, ample opportunity must be afforded to show cause why an accused practitioner should not be disbarred.

354 U.S. at 281–82, 77 S.Ct. at 1276.

In applying Rule 2.04(b) to this case, two questions arise. First, when did it first appear to the Middle District court that Wilkes had been suspended in Florida and/or disbarred in New York? Second, did Wilkes file a petition within the twenty-day period provided for in the rule and thus make it necessary for the district court to examine and give intrinsic consideration to the records underlying the state bar actions?

As to the first of these questions, Wilkes was maintained upon the roll of attorneys for the Middle District until the entry of the order of suspension by the district court on April 9, 1985. There is nothing in the record of this case to indicate that it appeared to the court that Wilkes had been disbarred or suspended from practice by a state prior to the filing of the motion to disqualify and suspend on December 16, 1983. A Certificate of Good Standing was issued to Wilkes by the Clerk of the Middle District in 1974.

In its order granting the motions to suspend and disqualify Wilkes, the panel of the Middle District erroneously stated that Wilkes was suspended from further practice in that district in 1967. *See* Record at 135 n. 1. As noted above, every indication in the record is that Wilkes was not suspended in the Middle District until 1985.

Indeed, if Wilkes had been suspended in the Middle District since 1967, then why did the court grant a motion to suspend that would be a mere redundancy? This error would appear to be based upon an assumption that Wilkes was automatically suspended in the Middle District when he was suspended by the Florida Supreme Court. Such, however, is not the case. Before Wilkes could be suspended in the Middle District under Rule 2.04(b) based upon his Florida suspension (or New York disbarment for that matter), the state action must "appear[ ] to the Court," and there is nothing in the record to indicate that the state actions against Wilkes reached the attention of the Middle District prior to the filing of the motions in this case.[3]

Thus, it appears that the twenty-day period following upon the court's initial notice of Wilkes' state suspension and disbarment began on December 16, 1983 with the filing of the motions to suspend and disqualify Wilkes. Although, as the Middle District panel noted in its order, this "was not precisely the type of motion contemplated by the Rule," Record at 132, the court proceeded along the course set forth in Rule 2.04(b). After the motion called Wilkes' suspension and disbarment to the attention of the court, Wilkes filed a memorandum in opposition to the motion to suspend and disqualify on December 30, 1983. Record at 15. This memorandum in opposition was filed within the twenty-day period set forth in the local rule and was apparently sufficient to qualify as the petition provided for in the rule since the chief judge of the Middle District proceeded to designate two other judges of the district to hear and determine the motion with him,

---

**3.** The district court's opinion does not make reference to the 1967 Local Rule which was:

Whenever it is made to appear to the Court that any member of its bar has been disbarred or suspended from practice by the Supreme Court of Florida, or convicted of a felony in any court, he shall be suspended forthwith from practice before this Court and, unless upon notice mailed to him at his last known place of residence he shows good cause to the contrary within twenty days, the Court shall

enter an order of disbarment, or of suspension for such time as the Court shall fix. General Rules, United States District Court, Middle District of Florida, Rule 3(E)(2) (1967). The record does not show any notice from the district court to Wilkes which confirms our speculative conclusion that it did not "appear" to the district court that Wilkes was suspended from practice at any time before December, 1983.

precisely as required by the Rule.[4]  Record at 21–22.

 As to Wilkes' other argument on appeal—that the order of the Southern District had already adjudged him qualified to practice before *all* federal courts in the State of Florida—it must fail. Wilkes' filing in the Southern District was specifically styled a "Motion to Confirm Credentials Before the Courts of the Southern District." Record at 12. Furthermore, in describing the report of the grievance committee which it had appointed to investigate Wilkes, the Southern District order states that the report concerns Wilkes' "qualifications to practice in the Southern District of Florida." Record at 14. Every indication, then, is that the order of the Southern District granting Wilkes' petition to confirm credentials applied only to that district. Indeed, it could not be otherwise; for, just as every court is entitled to determine its own bar membership in terms of admission, each may also determine its bar membership in terms of suspension or disbarment as well.

### III.

Since Wilkes' memorandum was sufficient to serve the purpose of the petition provided for in the local rule and was filed within the twenty-day period set forth therein, the Middle District panel was obligated to give intrinsic consideration to the records underlying the state proceedings against Wilkes in New York and Florida before rendering its own decision on his status, just as the Southern District court had previously done. This is the clear mandate of *In re Wilkes*, 494 F.2d 472 (5th Cir.1974). The order granting the motion to suspend and disqualify Wilkes is, therefore, reversed, and the case is remanded to the district court so that it may give such intrinsic consideration to the underlying record.

REVERSED and REMANDED.

---

4. It is true that a copy of this memorandum was not served upon the U.S. Attorney as is required for a petition under the local rule; however, since the local rule was brought into play in this case by the motion of a party, it seems understandable that Wilkes served a copy of his response/petition upon the opposing party who filed the motion. As the district court noted, the motion itself "does not fit nicely within the description of those to be heard by a panel of three judges under the Rule...." Record at 21. Thus it would be hard to fault Wilkes for being confused over whom to serve with his response. In any case, such a technicality would seem to be such as should be ignored in light of the Supreme Court's command that "ample opportunity must be afforded to show cause why an accused practitioner should not be disbarred." *Theard,* 354 U.S. at 282, 77 S.Ct. at 1276.