United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2006

Charles R. Fulbruge III
Clerk

THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-00041

_____

IN RE: HANY A. ZOHDY

Petitioner

_____

Before JONES, Chief Judge, KING and DENNIS, Circuit Judges.

PER CURIAM:*

This is a reciprocal discipline proceeding against attorney Hany A. Zohdy. The Supreme Court of Louisiana suspended Zohdy for three years, with one year deferred, based on Mr. Zohdy's conduct in two class action cases. In re Zohdy, 892 So.2d 1277 (La. 2005).

As a result of the suspension order, this court issued an order to Mr. Zohdy to show cause why he should not be suspended as a member of this court's bar. Mr. Zohdy responded and requested oral argument.

Attorney discipline by a circuit court is governed by FED. R. APP. P. 46, which states that a member of the federal appellate court's bar is subject to suspension or disbarment by

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the court if the member has been suspended or disbarred from practice by any other court.  The member must be given an opportunity to show cause why he should not be disciplined, and must be given a hearing, if he requests one.  FED. R. APP. P. 46(b)(2), (3).

A hearing in the form of oral argument was held before a three-judge panel on February 9, 2006.  Mr. Zohdy appeared pro se. The sole issue before this court is whether the suspension by the Supreme Court of Louisiana supports the imposition of reciprocal discipline.

Discipline by federal courts does not automatically flow from discipline by other courts.  <u>Theard v. United States</u>, 354 U.S. 278, 282 (1957).  When considering reciprocal discipline based on a state court discipline order, the Supreme Court has held that a federal court should recognize, and give effect to, the "condition created by the judgment of the state court unless, from an intrinsic consideration of the state record," it appears: (1) that the state proceeding was wanting in due process; (2) that the proof of facts relied on by the state court to establish misconduct was so infirm as to give rise to a clear conviction that the court could not, consistent with its duty, accept the state court's conclusion as final; or (3) that to do so would, for some other "grave" and sufficient reason, conflict with the court's duty not to disbar except upon the conviction that, under

2

the principles or right and justice, it is constrained to do so. Selling v. Radford, 243 U.S. 46, 51 (1917).

The Selling analysis has been expressly adopted by the Fifth Circuit. In re Dawson, 609 F.2d 1139, 1142 (5th Cir. 1980); In re Wilkes, 494 F.2d 472, 476-77 (5th Cir. 1974). Mr. Zohdy has the burden of showing why this court should not impose reciprocal discipline. In re Calvo, 88 F.3d 962, 966 (11th Cir. 1996).

After conducting a review of the record of the state court court proceeding,[1] and after thoroughly considering the response to the show cause order, the hearing memorandum filed by Mr. Zohdy, and his oral argument, we find none of the types of infirmities identified in Selling that would militate against the imposition of reciprocal discipline.[2]

IT IS ORDERED that Hany A. Zohdy is suspended from practice as a member of the bar of this court. If and when Mr. Zohdy is reinstated as a member in good standing of the Louisiana bar, he may apply to the clerk of court for authorization by the Chief Judge to resume practice as a member of the bar of this court.

---

[1] This court obtained from the Supreme Court of Louisiana the record of Mr. Zohdy's disciplinary proceeding.

[2] Mr. Zohdy's Motion to Exceed Page Limits is granted.

3