[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10101
Non-Argument Calendar

_____

D. C. Docket No. 07-00048

IN RE:

THE MATTER OF ALAN IRA KARTEN,

Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 17, 2008)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Alan Ira Karten, an attorney proceeding *pro se*, appeals his reciprocal disbarment from practice in the United States District Court for the Southern District of Florida. After the Florida Bar filed a complaint against Karten, alleging that he violated Rule 4-8.4(c) of the Rules Regulating the Florida Bar, a Florida judge, acting as referee, heard witness testimony at a violation hearing in considering the complaint. The referee recommended that Karten be disbarred, and the Florida Supreme Court accepted the recommendation and ordered him disbarred. Karten filed a motion for new trial, which a successor referee considered on the merits without hearing witness testimony. The successor referee recommended denial of the motion for new trial, and the Florida Supreme Court accepted that recommendation and denied Karten a new hearing on the complaint. The district court issued an order of reciprocal disbarment based on Karten's disbarment by the Florida Supreme Court.

On appeal, Karten argues that the district court abused its discretion in disbarring him because the successor referee denied him due process in considering his motion for new trial during the state disbarment proceedings. Specifically, he argues that the successor referee improperly failed to consider evidence he submitted in relation to other motions he filed after the original referee conducted the violation hearing. Karten also argues that the successor referee

2

denied him due process because she ruled on the motion for new trial without hearing testimony, even though Karten submitted evidence regarding the credibility of witnesses at the violation hearing.

"We review a district court's disbarment order only for abuse of discretion." *Matter of Calvo*, 88 F.3d 962, 967 (11th Cir. 1996). The disbarred attorney bears the burden of showing good cause why the district court should not have entered a reciprocal disbarment order. *Id.*

"[D]isbarment by federal courts does not automatically flow from disbarment by state courts." *Theard v. United States*, 354 U.S. 278, 282, 77 S. Ct. 1274, 1276 (1957). Nonetheless, a state court disbarment should be accorded federal effect, unless it appears from an "intrinsic consideration" of the state record that: (1) the state disbarment proceeding lacked due process; (2) the proof supporting the disbarment by the state court was so infirm as to give a federal court the "clear conviction" that a reciprocal disbarment order is inappropriate; or (3) another grave reason convinces the federal court that the state court disbarment should not give rise to a federal court disbarment, under the principles of right and justice. *Matter of Calvo*, 88 F.3d at 966-67 (citing *Selling v. Radford*, 243 U.S. 46, 51, 37 S. Ct. 377, 379 (1917)); *see also* S.D. Fla. Rules Governing Attorney Discipline, Rule V.E. (requiring *Selling*-based analysis in disbarment actions). For

3

the purposes of the first ground listed in *Matter of Calvo*, due process "is narrowly defined . . . as 'want of notice or opportunity to be heard.'" *Matter of Calvo*, 88 F.3d at 967 (quoting *Selling*, 243 U.S. at 51, 37 S. Ct. at 379).

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976) (internal quotation omitted). "The guarantees of due process call for a hearing appropriate to the nature of the case." *United States v. Raddatz*, 447 U.S. 667, 677, 100 S. Ct. 2406, 2413 (1980) (internal quotation omitted).

If a judge presiding in a civil bench trial steps down before making findings of fact and conclusions of law, a successor judge generally cannot make credibility determinations and should retry the case. *Emerson Elec. Co. v. General Elec. Co.*, 846 F.2d 1324, 1325-26 (11th Cir. 1988) (citing Fed. R. Civ. P. 63). However, a successor judge hearing a case on remand, after the original judge has stepped down, may make findings of fact and conclusions of law on the existing record or the record as supplemented, or may choose to grant a new trial, at his discretion. *Golf City, Inc. v. Wilson Sporting Goods Co.*, 555 F.2d 426, 438 n.20 (5th Cir. 1977).[1] The Supreme Court has held that a district judge has broad discretion to

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent decisions of the former Fifth Circuit handed down prior to October 1, 1981.

accept a magistrate's credibility findings without hearing witness testimony, in the criminal suppression hearing context, consistent with due process. *Raddatz*, 447 U.S. at 680-81, 100 S. Ct. at 2415 (noting that due process concerns are reduced in the suppression hearing context, as compared to the criminal trial context).

The district court did not abuse its discretion in issuing a reciprocal disbarment order against Karten based on its finding that he was not denied due process during the Florida state disbarment proceedings. We note initially that Karten only challenges his reciprocal disbarment based on the first ground listed in *Matter of Calvo* because he only alleges due process violations that occurred when the successor referee was considering his motion for new trial after the Florida Supreme Court disbarred him.

First, the successor referee did not deprive Karten of an opportunity to be heard because she limited her analysis of the motion for new trial to the 12 claims he made in the motion. Notably, Karten's motion for new trial was based solely on the 12 grounds addressed by the successor referee. Although the successor referee apparently did not discuss the numerous additional exhibits that Karten submitted regarding the motion for new trial, she explicitly stated that the report was based on her consideration of "all the pleadings and the record evidence as to the claims made in the" motion for new trial. In sum, the record does not indicate that the

5

successor referee deprived Karten of the opportunity to be heard by failing to consider all of the evidence he submitted in support of his motion for new trial.

Second, the successor referee did not deprive Karten of due process by making a recommendation regarding his motion for new trial without hearing testimony, although the original violation hearing turned on questions of credibility. The successor referee had discretion in determining that she could consider the motion without hearing witness testimony, even if that involved an acceptance of the original referee's credibility determinations. Given the narrow definition of due process in the disbarment context, Karten was not deprived of due process as a result of the successor referee's consideration of his motion for new trial.

Therefore, the district court did not abuse its discretion in issuing the reciprocal disbarment order against Karten, on the basis of his disbarment by the Florida Supreme Court. Accordingly, we affirm Karten's reciprocal disbarment.

**AFFIRMED.**