NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

09-MA002

IN RE CHRISTOPHER EMANUEL HAIGH,
Respondent.

O R D E R

Before MICHEL, Chief Judge, NEWMAN and MAYER, Circuit Judges.

MICHEL, Chief Judge.

By order dated August 14, 2009, respondent Christopher Emanuel Haigh was directed to show cause why this court should not impose reciprocal discipline based on the June 4, 2009 order of the United States District Court for the Northern District of Illinois suspending Haigh from the practice of law before that court for at least two years, nunc pro tunc, August 15, 2008.  Haigh responded to this court's order on September 14, 2009 and requested a hearing.  Haigh submitted a supplemental response on November 9, 2009.  The Standing Panel on Attorney Discipline held an oral hearing on February 3, 2010 at which Haigh was represented by counsel.  The court determines that Haigh has not shown that reciprocal discipline should not be imposed and thus Haigh is suspended from the practice of law in this court for at least two years, nunc pro tunc, August 15, 2008.

The suspension imposed by the Northern District of Illinois was based on the two-year suspension imposed by the Indiana Supreme Court on June 30, 2008, which became effective on August 15, 2008.  The Indiana Supreme Court ruled that Haigh violated Indiana Professional Conduct Rules 8.4(b) and 8.4(c).  Rule 8.4(b) prohibits the commission of criminal acts that reflect adversely on a lawyer's honesty, trustworthiness

or fitness as a lawyer in other respects. Rule 8.4(c) prohibits conduct involving dishonesty, fraud, deceit or misrepresentation. The Indiana Supreme Court found that Haigh violated these rules by violating the criminal laws of West Virginia and Illinois prohibiting furnishing liquor to a minor and the law of West Virginia prohibiting sexual conduct with a child under 18 by, inter alia, a custodian. The Indiana Supreme Court also found that during the time that this conduct occurred, Haigh repeatedly assured the parents of the two minors at issue and the school they attended, where he served as coach of a crew team, that he had no inappropriate relationship with either minor.

The Indiana Supreme Court found that these violations "reflect adversely on [Haigh's] honesty, trustworthiness, and fitness as a lawyer" and found that "there is clear and convincing evidence that [Haigh] engaged in conduct involving dishonesty, fraud, deceit and misrepresentation." The Indiana Supreme Court ruled that Haigh may, at the end of the two-year suspension, "upon fulfillment of the duties of a suspended attorney and full payment of the costs of this proceeding, seek reinstatement, which may in this Court's discretion be granted if [Haigh] demonstrates by clear and convincing evidence that he satisfies each of the requirements of Admission and Discipline Rule 23(4)(b)."

This court's standard concerning imposition of reciprocal discipline is as follows:

Notification that an attorney has been disbarred or suspended by another court shall establish that the conduct in fact occurred and that the discipline was appropriate unless an attorney shows that:

(1)     the procedure was so lacking in notice or opportunity to be heard that it constituted a deprivation of due process; or

(2)     there was such an infirmity of proof establishing the misconduct that it gave rise to the clear conviction that this court could not, consistent with its duty, accept as final the conclusion on the matter; or

(3)     the imposition of the same discipline by this court would result in grave injustice; or

(4)     the misconduct established is deemed by this court to warrant substantially different discipline.

Fed. Cir. Atty. Discipline Rule 8(c); see also Selling v. Radford, 243 U.S. 46, 51 (1917) (setting forth conditions under which reciprocal discipline may be imposed).

In his response to the court's show cause order, Haigh contends that reciprocal discipline would result in grave injustice because law enforcement authorities in West Virginia and Illinois did not find probable cause that Haigh's conduct violated their laws and because Haigh's conduct was unrelated to Haigh's practice of law. Haigh further argues that even if the court chooses to impose reciprocal discipline, a two-year suspension is unwarranted.

We determine that Haigh has not met his burden of showing that imposition of reciprocal discipline would result in grave injustice or that a two-year suspension is unwarranted. Even assuming that Haigh is correct that his conduct could not have violated the West Virginia and Illinois laws at issue, the Indiana Supreme Court separately found that he had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation. Haigh has not shown why this finding is not a sufficient basis for the imposition of reciprocal discipline. In addition, Haigh has not shown that a two-year suspension, to run concurrently with the suspension of the Northern District of Illinois and the Indiana Supreme Court, is not warranted by his conduct. The conduct Haigh was found to have engaged in reflects adversely on his trustworthiness and candor, traits that are fundamental to the practice of law.

We further note that Haigh did not comply with his duty to notify this court of the actions taken by the Northern District of Illinois and the Indiana Supreme Court, as well

09-MA002                          3

as other courts,[*] pursuant to Fed. Cir. Atty. Discipline Rule 6(a), and thus this court did not initiate these proceedings until the suspension imposed by the Indiana Supreme Court had been in effect for a year. Although we do not impose additional discipline on Haigh for this noncompliance, the delay in initiating these proceedings, resulting from Haigh's failure to fulfill his duty to notify, further demonstrates the harm that results from lack of candor and honesty on the part of a member of this court's bar.

Accordingly,

IT IS ORDERED THAT:

(1)     Christopher Emanuel Haigh is suspended from the practice of law in this court for at least two years, nunc pro tunc, August 15, 2008.

(2)     Haigh may apply for reinstatement pursuant to Fed. Cir. Atty. Discipline Rule 9(a) when the suspensions imposed by the Northern District of Illinois and the Indiana Supreme Court have been lifted. Any such application must be accompanied by an affidavit pursuant to Fed. Cir. Atty. Discipline Rule 9(a).

(3)     While this suspension is in effect, Haigh is prohibited from holding himself out to be an attorney at law licensed to practice before this court.

(4)     Haigh is directed to send a copy of this order to all other courts before which he is admitted. Fed. Cir. Atty. Discipline Rule 5(e).

(5)     A copy of this order shall be transmitted to the National Lawyer Regulatory Data Bank. Fed. Cir. Atty. Discipline Rule 5(e).

---

[*]     The United States District Court for the Northern District of Indiana and the United States District Court for the Southern District of Indiana also imposed reciprocal discipline on Haigh.

FOR THE COURT

Feb. 17, 2010
Date

/s/ Paul R. Michel
Paul R. Michel
Chief Judge

cc:    Deborah J. Jeffrey, Esq.