**In the Matter of Robert L. CHIPLEY, Jr.**

**No. 71-1269.**

United States Court of Appeals,
Fourth Circuit.

Aug. 31, 1971.

Robert L. Chipley, Jr., Greenville, S. C., for appellant.

John K. Grisso, U. S. Atty., Marvin L. Smith, Asst. U. S. Atty., Columbia, S. C., for District Court.

Before SOBELOFF, Senior Circuit Judge, and CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

This is an appeal by Robert L. Chipley, Jr., from an order of the United States District Court for the District of South Carolina indefinitely suspending him from the practice of law before that court.

Chipley was suspended from practice in South Carolina by the South Carolina Supreme Court on August 31, 1970 because of mental illness. In re Chipley, 254 S.C. 588, 176 S.E.2d 412 (1970), cert. denied, 401 U.S. 1010, 91 S.Ct. 1261, 28 L.Ed.2d 547 (1971).

On October 5, 1970, the district court issued a rule directing Chipley to show cause why he should not be suspended from practice in that court. Chipley filed a lengthy response. On January 7, 1971, the district court suspended Chipley from practice indefinitely because of mental illness. In reaching this decision the district court considered the entire record, including Chipley's response to the rule, and the proceedings before the South Carolina Supreme Court.

In this appeal Chipley contends that he was entitled to a hearing in the district court before being suspended from practice and that the district court should not have relied on the order of the South Carolina Supreme Court. An examination of the record shows these contentions to be without merit.

The South Carolina Board of Commissioners on Grievances and Discipline initiated the state proceedings by filing a formal complaint which apprised Chipley of the charge that he lacked the requisite emotional or mental stability to continue the practice of law. A guardian ad litem was appointed to represent Chipley, and the matter was referred to a panel of three commissioners who conducted extensive hearings in which Chipley participated. The panel filed a unanimous report finding that the evidence established Chipley's emotional and mental instability beyond any doubt, and it recommended that he be indefinitely suspended from the practice of law. After a hearing by the Board of Commissioners on Grievances and Discipline, at which Chipley appeared *pro se* and by his guardian ad litem, the Board adopted the findings and recommendations of the panel. The Supreme Court then issued a rule to show cause why Chipley should not be suspended from the practice of law in South Carolina. In an opinion which summarizes the proceedings and the evidence, the Supreme Court of South Carolina, 176 S.E.2d 412, indefinitely suspended Chipley from the practice of law because of mental illness. The court states, "There is no suggestion of wrongdoing by him. He has our warm sympathy and best wishes."

■■■ Procedural due process in a disbarment proceeding does not require that a hearing be given to the attorney involved, but he must be given fair notice of the charge against him and an opportunity to explain and defend his actions. In re Ruffalo, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1967). The district court gave Chipley adequate notice of the charges and also afforded him an opportunity to respond.

■■■ Chipley's contention that the district court should not have relied on the findings of the South Carolina Supreme Court is also without merit. Although disbarment action by a state is not conclusively binding on the federal courts, it is entitled to respect, and reliance on such action is not error. *See* Theard v. United States, 354 U.S. 278, 282, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957) (dictum). Chipley was afforded a full evidentiary hearing in the state proceedings in which sufficient proof of his infirmity was produced, and no adequate reason for disregarding these proceedings has been shown. Selling v. Radford, 243 U.S. 46, 51, 37 S.Ct. 377, 61 L.Ed. 585 (1917). Therefore, the district court did not err in refusing to conduct another hearing. The decision of the district court is affirmed.