## 19316

In The Matter of John WRIGHTEN, Respondent.

(184 S. E. (2d) 717)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Irvin D. Parker, Asst. Atty Gen.,* of Columbia, *for Complainant.*

*Messrs. Matthew J. Perry,* of Columbia, *Cleveland Stevens,* of Conway, and *Fred Henderson Moore, Aaron Harvey* and *Ernest G. Deveaux,* of Charleston, *for Respondent.*

November 10, 1971.

*Per Curiam:*

This disciplinary proceeding is before us on a rule requiring the respondent, John Howard Wrighten, to show cause why a report of the Board of Commissioners on Grievances and Discipline, finding him guilty of misconduct as an attorney, should not be confirmed and an appropriate disciplinary order issued. The complaint specified a number of instances during the period 1964-1969 in which respondent withheld, failed to account for or misappropriated funds belonging to clients. By his answer the respondent denied these charges. Lengthy hearings were conducted before a panel of the Board on October 20, 1969, and November 24, 1969. The panel unanimously determined that respondent had been guilty of flagrant and repeated misconduct in failing to remit or account for funds due to his clients and recommended disbarment.

Pending his appearance before the full Board, respondent submitted his resignation as a member of the Bar. He did not controvert the findings of the panel before the Board,

nor does he do so on this appeal. Instead, he sought from the Board a recommendation that his resignation be accepted. A majority of the members of the Board have so recommended, provided "that the court determine that (the resignation is) legally binding upon him in terms of his promise not to apply for readmission and secondly, that the court be informed that the board considered this to be the only alternative to disbarment." A minority of the members voted to recommend that the resignation be declined and respondent be disbarred. After careful consideration of the entire record, we have concluded that respondent's offer to resign, which was not submitted until long after the complaint had been served upon him and lengthy hearings had been conducted, should not be accepted, and that respondent should be disbarred. Accordingly, the respondent, John Howard Wrighten, is hereby disbarred from the practice of law in this State. He shall within five days of the service of this order upon him surrender his certificate of admission to practice law to the Clerk of this Court for cancellation.