John Howard WRIGHTEN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 76–2112.

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 15, 1977.

Decided March 7, 1977.

---

John Howard Wrighten, pro se.

Frank E. Cain, Jr., Bennettsville, S.C., on brief for appellant.

Mark W. Buyck, Jr., U.S. Atty., and Glen E. Craig, Asst. U.S. Atty., Columbia, S.C., on brief for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and COPENHAVER,* District Judge.

PER CURIAM:

Petitioner, John Howard Wrighten, was disbarred by the South Carolina Supreme Court from the practice of law in that state. He was charged with withholding, failing to account for and misappropriating funds belonging to clients. The South Carolina Supreme Court's order of disbarment was entered upon recommendation of the State Board of Commissioners on Grievances and Discipline. *In re Wrighten,* 257 S.C. 184, 184 S.E.2d 717 (1971).

On April 21, 1975, Wrighten was suspended from practice before the United States District Court for the District of South Carolina. The suspension order provided that "unless he [Wrighten] shows good cause in writing to the contrary, within forty (40) days, he will be disbarred." Petitioner submitted a written response and received a hearing before the district judge. He was disbarred by an order dated August 3, 1976, and this appeal ensued.

In his order, the district judge found that petitioner lacked the "fair private and professional character" necessary for practice before the court. The order relied heavily upon the state disbarment proceedings. Although state disbarments are not binding upon federal courts, they are entitled to great respect. *In re Ruffalo,* 390 U.S. 544, 547, 88 S.Ct. 1222, 20 L.Ed.2d 117, rehearing denied, 391 U.S. 961, 88 S.Ct. 1833, 20 L.Ed.2d 874 (1968); *Theard v. United States,* 354 U.S. 278, 282, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957); *In re Chipley,* 448 F.2d 1234, 1235 (4 Cir. 1971). Indeed, a federal court may rely upon the state action if three requirements are met: (1) the state must have given the attorney notice of the charges and an opportunity to be heard; (2) the evidence must support the findings made; and (3) there must be no other "grave reason" for ignoring the actions taken. *Selling v. Radford,* 243 U.S. 46, 51, 37 S.Ct. 377, 61 L.Ed. 585 (1917).

In this appeal, Wrighten attacks the district court order, contending that the requirements of *Selling* have not been met. We think that they were, and it was proper for the district court to rely on the state disbarment proceedings. The record establishes that Wrighten received written notice of the various charges and was given hearings before the Board and the state supreme court. Accordingly, the state action fully complies with the dictates of procedural due process as set forth in *Selling.* The state findings were amply supported by the evidence and were not contested before the district judge. Finally, petitioner gives no other valid reason to disregard the proceedings.

Even aside from the state disbarment proceedings, the record contains evidence to support the district court's order. Before the district court, Wrighten conceded in writing that he had not controverted the evidence of misapplication of funds by him. He pleaded that he had reimbursed "almost" every individual whose monies had been withheld or converted to other purposes, that shortages resulted from the comingling of personal office funds, and that this had occurred as a result of his lack of experience and training. We construe this pleading as an admission of wrongdoing which we consider of sufficient magnitude to warrant disbarment.

* United States District Judge for the Southern District of West Virginia, sitting by designation.

Various constitutional claims, based upon the eighth and fourteenth amendments, are without substance since Wrighten conceded his wrongdoing.

We dispense with oral argument and conclude that the order of the district court must be affirmed.

*AFFIRMED.*