*In re* Lic. José W. Báez Torres, querellado.

*Número:* O-78-148     *Resuelto:* 31 de enero de 1979

*Héctor A. Colón Cruz, Procurador General, Roberto Armstrong, Jr., Procurador General Interino y Eliadis Orsini Zayas, Procuradora General Auxiliar, abogados de El Pueblo; R. Davis Vázquez, abogado del querellado.*

PER CURIAM: Contra José W. Báez Torres se formularon los siguientes cargos: (¹)

### *"PRIMER CARGO*

.    .    .    .    .    .    .    .

El licenciado José W. Báez Torres observó una grave conducta deshonesta, impropia, inmoral y contraria a los Cánones de Ética que rigen a la Profesión Legal en relación a los señores Félix Santos Cedeño, Dr. Roy Rosado Pagán, Ingeniero Jaime E. Delgado, Sr. Narciso Jusino Cruz, Sr. Epifanio Meléndez Almodóvar y su señora esposa Aurea Borrás de Meléndez, Sr. Josué Matos Márquez, Sr. Oscar Velázquez, Sr. Narciso López Rivera, Sr. Daniel González Borrero, Sr. Tauter y su esposa

---

(¹)Originalmente se formularon cuatro cargos pero en el curso del procedimiento se eliminó el cuarto cargo.

Esther Carrera de Tauter, Sra. Doris Octaviani, Srta. Norma González y el Sr. Rubén Matos Márquez.

Aprovechándose de los escasos conocimientos de los hermanos Ramos Mattei y de su creencia de que los terrenos en que ellos vivían eran de su propiedad, el Lic. José W. Báez Torres se sirvió de esta situación para su beneficio personal, procediendo a nombrarse representante de dichos hermanos Ramos Mattei alegando a otros que ellos eran los propietarios de los señalados terrenos y con este ardid el querellado procedió a ofrecer en venta porciones de terreno y de hecho opcionó a este grupo de personas antes mencionado una serie de solares a cambio de sumas de dinero que recibió de parte de ellos.

## SEGUNDO CARGO

El licenciado José W. Báez Torres violó las disposiciones del Canon 23 y Canon 24 de los de Ética Profesional en relación a su cliente Digna A. Méndez consistiendo su conducta en lo siguiente:

El querellado representaba a dicha señora en una reclamación por daños y perjuicios contra la Mobil Oil Co., la cual fue objeto de transacción por la cantidad de $900.00. En relación a esto la Underwriters Adjustment Company expidió un cheque por dicha suma pagadera a Digna A. Méndez Torres y su abogado José W. Báez.

La señora Méndez informó que dicho cheque fue endosado por el Lic. Báez y que ella nunca le autorizó para tal cosa. La quejosa ha tratado de recobrar el dinero que se le otorgó en la transacción ya mencionada, pero el abogado querellado le ha informado siempre que dicha cantidad es un abono de la deuda que ella tiene con él por otros servicios profesionales prestados.

## TERCER CARGO

El licenciado José W. Báez Torres violó las disposiciones del Canon 20 y 24 de los de Ética Profesional en relación a su cliente la señora Cecilia Oliveras consistiendo su conducta en que se negó a entregarle copia de una escritura la cual fue ordenada se preparara por el Tribunal Superior, Sala de Ponce, en el caso Civil Núm. 76-5738, por razón de que ésta le adeudaba honorarios de abogado. Por dicha razón se creó una controversia entre

ambos en cuanto a la cantidad a ser cobrada por concepto de honorarios, cosa que se hubiese evitado si el querellado hubiese dado fiel cumplimiento al Canon 24.

Los hechos son los siguientes:

La señora Oliveras contrató los servicios profesionales del querellado para la preparación de una escritura sobre unos terrenos que había adquirido. Que le informó a éste que el vendedor se había comprometido al pago de todos los gastos relacionados con dicha escritura, incluyendo los correspondientes sellos para inscripción.

En adición, la quejosa expresó que al acudir donde el querellado para obtener copia de la referida escritura, éste rehusó entregársela, alegando que ella también tenía que pagarle por sus servicios.

La quejosa señala entonces que le indicó que estaba dispuesta a pagarle el balance de lo que le adeudaba el vendedor pero que le era indispensable obtener dicha escritura a fin de levantar los fondos necesarios para pagarle ya que, según alega, es persona insolvente. Finalmente nos señala que el querellado persiste en la negativa de entregarle la referida escritura.

El Tribunal designó al Lic. Ramón Pérez de Jesús Comisionado Especial para recibir la prueba sobre los cargos formulados. Este rindió un informe en el que consideró probados los tres cargos. Copia del informe fue enviado al querellado.

En la comparecencia del querellado comentando el Informe del Comisionado el querellado "admite que debe ser separado de la profesión de abogado por un período de tiempo determinado."

Es evidente que la conducta en que incurrió el querellado está reñida con las normas de ética que debe informar la vida profesional de un abogado. Tan palmaria resulta su infracción a los Cánones de Ética Profesional que rigen la conducta de los abogados que él mismo admite que "debe ser separado de la profesión de abogado por un período de tiempo limitado." Pero no podemos estar de acuerdo en que su separación deba ser por un "período de tiempo limitado". No es un cas-

tigo lo que este Tribunal debe imponerle, al final del cual se restituya automáticamente al ejercicio de la profesión de abogado. Su separación debe ser indefinida. Si en el futuro el querellado estimare que ha reformado su conducta de tal forma que lo haga acreedor a ser admitido nuevamente al ejercicio de la profesión, podrá solicitar la consideración de su readmisión al ejercicio de su profesión.

El Juez Asociado Señor Díaz Cruz no intervino.