**In re Franco T. SANCHEZ–FERRERI.**

**Misc. No. 84–105 GG.**

United States District Court,
D. Puerto Rico.

Sept. 25, 1985.

---

**2.** The sales contract was attached to plaintiffs' answer to the motion to dismiss.

Franco T. Sanchez-Ferreri, Aguadilla, P.R., pro se.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This case is currently before us to determine whether or not Mr. Franco T. Sánchez-Ferreri should be disbarred and prohibited from practicing in this court. On January 3, 1984, the Supreme Court of Puerto Rico disbarred petitioner after finding that he had conducted himself unethically in violation of Canon 23 of the Code of Professional Ethics of Puerto Rico. *See* 84 JTS 1 (January 3, 1984). As a consequence, Mr. Sánchez was ordered on December 20, 1984 to show cause why this court should not adopt the decision of the Supreme Court. A hearing was held where Mr. Sánchez was allowed to argue and present evidence.

In response to our order to show cause, petitioner alleges that his disbarment from the Supreme Court of Puerto Rico does not automatically provide grounds for disbarment from this court. Petitioner argues that he cannot be disbarred since he has not violated any rule of this court or engaged in any unethical conduct in this court. Finally, petitioner claims that the punishment of disbarment is too harsh and cruel under the circumstances.

■ It is the general rule that discipline in the federal courts does not automatically follow from discipline in the state courts since the state and federal judicial systems are autonomous. *Theard v. Unit-* *ed States*, 354 U.S. 278, 282, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957). By the same token, a federal court has no power to review a disciplinary decision rendered by a state court. *Martínez Rivera v. Trías Monge*, 587 F.2d 539 (1st Cir.1978).

■ Indeed, it is recognized that, an attorney must strictly comport himself in a professional and ethical manner in order to maintain good standing in any federal bar; he must exhibit fair, private and professional conduct. Anything less is adequate reason to revoke his right to continue as a member in good standing of the bar. *Selling v. Radford*, 243 U.S. 46, 49, 37 S.Ct. 377, 378, 61 L.Ed. 585 (1917).

In *Selling v. Radford, supra*, the United States Supreme Court held that a federal court may accord full faith and credit to the disciplinary decision of the state court, unless, from an intrinsic consideration of the state record, one or all of the following conditions appear:

1. That the state procedure from want of notice or opportunity to be heard, was wanting in due process;

2. that there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a clear conviction on our part that we could not, consistently with our duty, accept as final the conclusion on that subject; or

3. that some other grave reason existed which should convince us that to allow the natural consequences of the judgment to have their effect would conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles of right and justice, we were constrained so to do. *Id.* at p. 51, 37 S.Ct. at 379.

*See also: Matter of Gordon*, 640 F.2d 1143, 1146 (10th Cir.1981); *Matter of Randall*, 640 F.2d 898, 901 (8th Cir.) *cert. denied*, 454 U.S. 880, 102 S.Ct. 361, 70 L.Ed.2d 189 (1981); *Disciplinary proceedings of Phelps*, 637 F.2d 171, 176 (10th Cir.1981); *Wrighten v. U.S.*, 550 F.2d 990,

991 (4th Cir.1977); *Matter of Klein*, 407 F.Supp. 570, 573 (S.D.N.Y.1976).

Although petitioner has not challenged the disbarment procedure before the Supreme Court of Puerto Rico, we have reviewed the opinion of the Supreme Court and find that petitioner had adequate notice of the charge against him and ample opportunity to be heard. The findings of the Special Commissioner adopted by the Supreme Court support the ultimate conclusion of violation of Canon 23 of the Code of Professional Ethics. Moreover none of these findings were contested by petitioner before the Supreme Court of Puerto Rico or this court.

Therefore, the only question now is whether there exists some other grave reason which would preclude us from adopting the conclusion of the Supreme Court of Puerto Rico.

According to the facts as found by the Supreme Court of Puerto Rico, petitioner attached an automobile to satisfy a judgment obtained for his client and paid for some repairs to the automobile with the consent of his client in order to sell it. But without the explicit or tacit consent of his client, petitioner also paid several installments due on a debt secured by the automobile and traded the automobile for another car which he obtained for his private use. No account of the proceeds from the sale of the automobile was given by petitioner to his client.

Canon 23 of the Code of Professional Ethics of Puerto Rico provides that:

The lawyer should not purchase any interest in the subject matter of the litigation which he is conducting.

A lawyer should not advance or promise financial aid to his client for medical expenses or sustenance, except that he may advance the payment of the cost in the litigation, and the expenses of the necessary investigation and medical examinations to represent properly the case of his client.

The fiduciary nature of the relations between client and lawyer demands that they be grounded in absolute honesty. Particularly, the money of the client or other trust property coming to the possession of the lawyer should be reported promptly and should not be commingled or permitted to be commingled with his private property. 4 L.P.R.A.App. IX.

This is one of the most important principles governing the practice of law and is also a fundamental rule of the attorney-client relationship. *See* 4 L.P.R.A. § 773; *also see* Rule 1.15 of the Model Rules of Professional Conduct adopted by the American Bar Association.

Petitioner cites the case of *Sperry v. State of Florida*, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963), to support his argument that the disbarment proceedings before the Commonwealth court cannot serve as grounds for his disbarment from this court. This case is totally inapplicable, however. In *Sperry* the petitioner was a non-lawyer authorized to practice by the Federal Government before the United States Patent Office. The Supreme Court of the State of Florida entered an order prohibiting him, among other things, to perform the duties for which he has been licensed by the United States Patent Office because it constituted an unauthorized practice of the law within the state. The United States Supreme Court held that the states cannot abridge the right of a non-lawyer to perform all the necessary duties inherent to his practice before the United States Patent Office within the state.

In the case at bar, we are not adopting the Commonwealth proceedings blindly. We have made our own independent review of the case and found that petitioner's unethical conduct is sufficiently grave as to deserve a revision of his status as a member of this bar.

The unethical conduct proven in this case has consistently resulted in disbarment. *See: In Re Avila, Jr.*, 109 D.P.R. 440 (1980); *In Re Báez Torres*, 108 D.P.R. 358 (1979); *In Re Cepeda-Parrilla*, 108 D.P.R. 353 (1979); *In Re Cardona-Vazquez*, 108 D.P.R. 6 (1978); *In Re Arana-Arana*, 106 D.P.R. 210 (1977); *In Re*

*Roldán-Figueroa,* 106 D.P.R. 4 (1977); *In Re Vélez,* 103 D.P.R. 590 (1975). Neither the sum involved, petitioner's age, nor his years in the bar should be grounds to mitigate the penalty. In this case, petitioner admitted that he had been disciplined twice in the past. In fact, our records show that petitioner was disbarred from this court on June 9, 1950, and readmitted on November 17, 1953.

There being no other good reason why we should not adopt the decision of the Supreme Court of Puerto Rico, we find that petitioner has conducted himself unethically, rendering him unfit to continue as a member of the bar of this court.

It is therefore ordered that petitioner be and he is hereby suspended indefinitely from practicing before this court. Chief Judge PÉREZ–GIMÉNEZ and Judges CEREZO, PIERAS, ACOSTA and LAFFITTE concur in this Opinion and Order.

SO ORDERED.