829 F.2d 1120
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Bruce Widenor HAUPT, Petitioner.
 No. 87-1530.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 14, 1987.
Decided Sept. 15, 1987.
 
 Bruce Widenor Haupt, pro se.
 Before WIDENER, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is from an order of the United States District Court for the District of Maryland by which Bruce Widenor Haupt is disbarred from the practice of law before that court. Following Haupt's disbarment in Maryland and the District of Columbia, the district court issued a show cause order to Haupt, requiring him to demonstrate why the district court should not impose the identical discipline on him. Haupt .responded and later filed a supplemental response. We affirm the district court's order of disbarment.
 
 
 2
 Haupt was admitted to the Maryland Bar in 1973. In 1976 he was suspended for thirty days, after he engaged in a high speed auto chase of the adverse party in a divorce case, then entered a private home uninvited and directly confronted the adverse party. Montgomery County Bar Association v. Haupt, 277 Md. 326, 353 A.2d 629, cert. denied, 429 U.S. 804 (1976).
 
 
 3
 Haupt was suspended again in 1979, this time for ninety days, for misrepresentation to a jailer. He represented the female friend of one of his clients to be his legal assistant in order for her to visit the client in the lockup area of the courthouse. Attorney Grievance Commission v. Haupt, 285 Md. 39, 399 A.2d 1350 (1979).
 
 
 4
 After this suspension, Haupt moved his practice to the District of Columbia, and was never reinstated in Maryland.
 
 
 5
 In 1980, Haupt was suspended from practice i@ the District of Columbia for first neglecting a divorce case, then lying to District of Columbia Bar Counsel during an investigation of the client's complaint. In re Haupt, 422 A.2d 768 (D.C. 1980).
 
 
 6
 A further investigation of Haupt's practice in the District of Columbia was prompted by complaints from twelve of his clients and Haupt's conviction for criminal contempt in the United States District Court. This investigation revealed a pattern of taking fees in advance and then neglecting the client's business. Haupt was disbarred in the District of Columbia. In re Haupt, 444 A.2d 317 (D.C. 1982).
 
 
 7
 Proceedings were instituted in Maryland to disbar Haupt because of his misconduct in the District of Columbia; these were delayed because Haupt could not be served until 1985. After a hearing in the Circuit Court for Anne Arundel County, that court found that Haupt had violated numerous disciplinary rules. After another hearing, the Maryland Court of Appeals ordered that Haupt be disbarred; the district court received notice of Haupt's disbarment, and its show cause order followed.
 
 
 8
 Haupt offers the following arguments against his disbarment. First, that the charge of misrepresentation to a jailer which resulted in his ninety-day suspension in Maryland in 1979 was heard de novo in the District of Columbia, was in part the basis for his three-year suspension there in 1980, and is not properly before this Court. This argument is frivolous. The district court based its decision to disbar Haupt on the Maryland disbarment proceedings, which demonstrated a pattern of neglect and deception extending over many years.
 
 
 9
 Haupt next contends that the proceedings in the District of Columbia, on which his Maryland disbarment is based, were "so lacking in notice or opportunity to be heard as to constitute a deprivation of due process" and that the evidence presented there was insufficient to support the findings made. He urges that In re Ruffalo, 390 U.S. 544 (1968), and Selling v. Radford, 243 U.S. 46 (1917), prevent the district court from relying upon the state proceedings in this case. Following Ruffalo and Snelling, this Court has held that a federal court may disbar an attorney in reliance on a state disbarment if: (1) the state action gave the attorney notice of the charges and an opportunity to be heard; (2) the evidence supported the findings made; and (3) there is no grave reason for ignoring the actions taken. Wrighten v. United States, 550 F.2d 990 (4th Cir. 1977).
 
 
 10
 The record shows that Haupt had ample notice of the charges against him and many opportunities to appear and defend himself at hearings both in the District of Columbia and in Maryland. The evidence was clearly sufficient to support the state court finding of numerous ethical violations. Although Haupt argues here, as he did in Maryland, that his misconduct was solely the result of cocaine addiction, now cured, the finding in the Maryland Circuit Court was that cocaine was not the cause of Haupt's misconduct, though it was an aggravating factor.
 
 
 11
 Along that line, Haupt advises us that he has commenced proceedings in the District of Columbia for the purpose of his reinstatement to the bar. He has furnished us a copy of an order appointing him counsel in that proceeding, and, so far as we know, the proceeding is still pending. If Haupt is successful in having himself reinstated to the bar in the District of Columbia, he will doubtless seek reinstatement to the bar of the district court in Maryland, which will then pass upon such proposed reinstatement as a separate matter, and, in the event Haupt is not reinstated, that is a case for another day, which we will consider at that time if necessary.
 
 
 12
 We find no error in the district court's decision to disbar Haupt. Therefore, we affirm the order of the district court. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 13
 AFFIRMED.