**In the Matter of Juan M. MASINI–SOLER.**

**Civ. No. 94–1064 HL.**

United States District Court,
D. Puerto Rico.

April 12, 1995.

Juan M. Masini–Soler, Hato Rey, PR, pro se.

Before: CEREZO, Chief Judge, and PEREZ–GIMENEZ, LAFFITTE, FUSTÉ, CASELLAS and DOMINGUEZ, District Judges.

## OPINION AND ORDER

Before the Court is the disciplinary matter of Respondent Juan M. Masini–Soler ("Masini–Soler"). Masini–Soler is an attorney in Puerto Rico. The Puerto Rico Supreme Court suspended him from practice for six months for the following matter. Under Puerto Rico law [1], banks must publish in the newspapers lists of inactive accounts, including the depositors, their addresses, their account numbers and the amounts remaining in the accounts. In 1991 Masini–Soler sent form letters to the people whose names were published in the newspapers. In these letters Masini–Soler stated that a "Property Recovery Department" had discovered unclaimed funds in the individual's name. The letter offered to recover these funds for a fee of thirty-three percent of the amount recovered. In the letters Masini–Soler did not identify the funds or inform the individuals that recovery of the monies did not require the services of a lawyer. An attorney for one of the banks involved complained to the Solicitor General of Puerto Rico that these letters constituted a violation of the canons of professional ethics.

The Solicitor General submitted a report to the Puerto Rico Supreme Court, alleging that Masini–Soler's conduct violated Canons 34 and 35 of Puerto Rico's Canons of Profes-

sional Ethics.[2] Masini–Soler replied to the report. The Solicitor General submitted an additional report, and Masini–Soler filed a second reply. Without holding a hearing, the Puerto Rico Supreme Court issued an order on December 10, 1993. See In re José Franco Rivera and Juan M. Masini–Soler, 93 JTS 160 (1993). The Puerto Rico Supreme Court held that Masini–Soler's conduct was not a violation of Canon 34. 93 JTS at 11359. The Puerto Rico Supreme Court did conclude, however, that because the letters were part of a plan to charge unreasonably high fees for a simple service, because the letters were misleading, and because the letters failed to disclose that the funds could be recovered without a lawyer's service, Masini–Soler's actions violated Canon 35. See id. The Puerto Rico Supreme Court suspended him from practice in the local courts for six months. Masini–Soler filed a motion for reconsideration; the Puerto Rico Supreme Court denied it on January 20, 1994. He filed a second motion for reconsideration. In its denial of this second motion for reconsideration, the Puerto Rico Supreme Court held that Masini–Soler's conduct was misleading, especially in light of the fact that a large part of the population is gullible and naive. See In re José Franco Rivera and Juan M. Masini Soler, 94 JTS 15, 11512 (1994). After a third motion for reconsideration was denied, Masini–Soler next challenged his suspension by petitioning the United States Supreme Court for a writ of certiorari. The United States Supreme Court denied the petition. See Soler v. Solicitor General of Puerto Rico, —— U.S. ——, 115 S.Ct. 67, 130 L.Ed.2d 23 (1994).

After the Puerto Rico Supreme Court had issued its first order suspending Masini–Soler, this Court ordered him to show cause why disciplinary action should not be taken against him. Masini–Soler moved to stay the

---

1. P.R.Laws Ann. tit. 7, § 2105.

2. Puerto Rico's Canons of Professional Ethics are found at P.R.Laws Ann. tit. 4 App. IX (1980). Canon 34 prohibits attorneys from encouraging potential clients from bringing lawsuits or other claims. Canon 35 reads as follows:

   The conduct of any member of the legal profession before the courts toward his clients and in his relations with his colleagues should be candid and fair.

   It is not candid or fair to use means which are inconsistent with the truth nor should the judge be led to error by using guiles or a false

statement of facts or of the law. It is improper to change or distort juridical quotations, or to suppress parts thereof in order to transmit an idea contrary to that established by the actual context or to conceal one known to him.

   A lawyer should deal candidly with the facts in taking the statements of witnesses, in drawing affidavits and other documents, and in the presentation of causes. To destroy documentary evidence or to facilitate the disappearance of attesting evidence in a case is also highly censurable.

P.R.Laws Ann. tit. 4 App. IX (1980).

proceedings in this Court pending the resolution of the above-mentioned appeals of the Puerto Rico Supreme Court's ruling. All of Masini–Soler's channels of appeal have been exhausted and this Court is ready to rule. Masini–Soler has moved [3] that the motions he filed with the Puerto Rico Supreme Court and the petition for writ of certiorari that he filed with the United States Supreme Court be considered as his response to the order to show cause. The Court grants this motion. For the reasons detailed below, the Court will not suspend Masini–Soler from practicing before this Court. The Court does, however, severely reprimand Masini–Soler for his conduct.

## DISCUSSION

■ When an attorney is disciplined by a state court, he is not automatically subject to the same disciplinary measures in the federal court. *In re Ruffalo*, 390 U.S. 544, 547, 88 S.Ct. 1222, 1224, 20 L.Ed.2d 117 (1968); *In re Sanchez–Ferreri*, 620 F.Supp. 951, 952 (D.P.R.1985). The state court's action is entitled to a high degree of respect, but the action is not binding on the federal court. *Theard v. United States*, 354 U.S. 278, 282, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957). The federal court must make an independent evaluation of the attorney's case. *Id.* at 281–82, 77 S.Ct. at 1276. The Supreme Court in *Theard* stated:

> While a lawyer is admitted into a federal court by way of a state court, he is not automatically sent out of the federal court by the same route. The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom, in the present context, lawyers are included.

*Id.* at 281, 77 S.Ct. at 1276. An attorney who is licensed to practice before this Court and who has been suspended by another court must show good cause why he should not also be suspended in this Court. Local Rule 211(2). A federal court considering whether an attorney disciplined in the state court should be disciplined in the federal court must consider whether the attorney's conduct also violated the federal court's rules of conduct. *In re Rivera–Arvelo*, 830 F.Supp. 665, 667 (D.P.R.1993). Attorneys admitted to practice before this Court are subject to the Model Rules of Professional Conduct adopted by the American Bar Association. Local Rule 211(4)(B).

■ After a careful consideration of the record, the Court concludes that to impose upon Masini–Soler the same punishment that was handed down by the Puerto Rico Supreme Court would not be warranted. The Court makes this ruling based on the following factors. First, the Court notes that one of the grounds for the Puerto Rico Supreme Court's decision to suspend Masini–Soler was the fact that he did not indicate in his letter that the funds could be recovered without the services of an attorney. *See Masini Soler*, 93 JTS at 11359. It is not a breach of the rules of ethics, however, for an attorney to fail to disclose that the services he is offering do not require an attorney. *Bates v. State Bar of Arizona*, 433 U.S. 350, 382, 97 S.Ct. 2691, 2708, 53 L.Ed.2d 810 (1977). The Puerto Rico Supreme Court suspended Masini–Soler in part because he failed to state that the recovery of funds did not require an attorney. This Court, pursuant to the ruling in *Bates*, may not use the same ground to justify a suspension.

■ Second, an additional ground relied upon by the Puerto Rico Supreme Court was its opinion that a large part of the Puerto Rico population was naive and gullible and would thus be susceptible to the letters that Masini–Soler sent out. *See Masini Soler*, 94 JTS at 11512. The assumption that the public is unsophisticated and therefore vulnerable is not justification to prohibit an advertisement for legal services. *Bates*, 433 U.S. at 374–75, 97 S.Ct. at 2704. Pursuant to *Bates*, this Court cannot assume that the Puerto Rico public is so naive and unsophisticated that certain legal advertising must be prohibited. Therefore, this additional ground is also not sufficient for this Court to suspend Masini–Soler.

3. *See* Docket no. 21.

Third, a federal court determining whether to follow a state court's disciplinary measure must consider the due process afforded to the punished attorney. *Ruffalo,* 390 U.S. at 550, 88 S.Ct. at 1226; *Selling v. Radford,* 243 U.S. 46, 50–51, 37 S.Ct. 377, 378–79, 61 L.Ed. 585 (1917); *Sanchez–Ferreri,* 620 F.Supp. at 952. A sanctioned attorney should be given fair notice and an opportunity to be heard. *Ruffalo,* 390 U.S. at 550–51, 88 S.Ct. at 1226. Additionally, in a complaint or petition for separation in Puerto Rico, a hearing should be held to receive evidence. Supreme Court of Puerto Rico Rule 13(h). Furthermore, a relevant inquiry in the decision to suspend an attorney is whether the attorney had notice that a court would condemn the conduct at issue. *Zauderer v. Office of Disciplinary Counsel,* 471 U.S. 626, 653 n. 15, 105 S.Ct. 2265, 2283 n. 15, 85 L.Ed.2d 652 (1985). A federal court should not prevent an attorney from practicing his profession on the basis of a determination of impropriety made after the fact if responsible attorneys would differ in judging the conduct. *Ruffalo,* 390 U.S. at 556, 88 S.Ct. at 1229 (White, J., concurring). Masini–Soler was afforded numerous opportunities to submit motions and briefs in support of his position. He was not, however, afforded a hearing. Moreover, Canon 35 is a general rule that requires an attorney to be "candid and fair." *See* P.R.Laws Ann. tit. 4 App. IX Canon 35 (1980). The Canons of Professional Ethics contain more general altruistic guidelines and fewer specific rules than the Model Rules. Canon 35 does not specifically prohibit attorneys from advertising or from charging unreasonably high fees. Because of the general language of Canon 35, responsible attorneys could differ on whether Masini–Soler's conduct violated the canon and whether such conduct merited a six-month suspension.

Thus, this Court respectfully differs with two of the grounds relied upon by the Puerto Rico Supreme Court in its suspension of Masini–Soler. Furthermore, there are issues as to whether Masini–Soler should have been afforded a hearing and whether responsible attorneys would differ in judging his conduct. Accordingly, this Court will not suspend Masini–Soler. This Court does not, however, condone Masini–Soler's behavior. He should have been more forthright in the letters he sent. Moreover, under the Model Rules of Professional Conduct that govern the practice of attorneys in this Court, every written communication from a lawyer offering his services to a prospective client must include the words "Advertising Material" on the outside envelope and at the beginning and ending of the letter. *See* Local Rule Appendix II Rule 7.3(c). The record before this Court does not indicate that Masini–Soler included these words of notice on his letters. Thus, he may have also violated Rule 7.3(c). This lack of forthrightness and this failure to comply with Rule 7.3(c) merits a reprimand and censure from this Court. This Court further admonishes Masini–Soler for his poor judgment in sending out these letters. In the future, the Court expects that he will more arduously maintain his moral bearings in the face of his desire to generate business. Lastly, this Court puts Masini–Soler on notice that the Court does not favor the manner by which he solicited clients. In the event of any future misconduct by Masini–Soler, the Court will consider substantially more severe disciplinary measures.

WHEREFORE, the Court hereby severely reprimands and censures Masini–Soler for his conduct.

BY ORDER OF THE COURT.