**In re Jose A. Fernandez PAOLI.**

**Civil No. 96–1738 (HL).**

United States District Court,
D. Puerto Rico.

Aug. 1, 1996.

---

Before: CEREZO, Chief Judge, PÉREZ–GIMÉNEZ, LAFFITTE, FUSTÉ, CASELLAS, and DOMINGUEZ, District Judges.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is the disciplinary matter of attorney José A. Fernández Paoli ("Fernández Paoli"). By an order dated June 6, 1996, the Puerto Rico Supreme Court indefinitely suspended him from the practice of law. *See In re José A. Fernández Paoli,* CP–95–5, June 6, 1996. Fernández Paoli represented a married couple in a tort claim in the local court. The claim was settled for $30,000 in September 1992, and the defendant sent a check to Fernández Paoli in the name of the plaintiffs and their attorney. Fernández Paoli cashed the check and did not inform the plaintiffs that he had their money. It was not until April 1994 that Plaintiffs discovered Fernández Paoli's infraction when they inquired directly of the defendants as to the whereabouts of their settlement money. After he was discovered, Fernández Paoli paid Plaintiffs $30,000 from

the settlement, plus $5,000 as interest and $25,000 as compensation for his infraction.

In his answer to the disciplinary proceedings that were brought against him before the Puerto Rico Supreme Court, Fernández Paoli claimed that he had been suffering from "post-traumatic war syndrome." Furthermore, he expressly stated that he was not contesting the facts alleged in the disciplinary complaint filed against him. He also submitted a sworn statement from the married couple in which they stated that they had received $60,000 from Fernández Paoli and that they no longer were interested in continuing the disciplinary proceedings against him. The Supreme Court ordered that he be subjected to a psychiatric examination. The examining psychiatrist found that Fernández Paoli had been suffering from an emotional condition. The psychiatrist did not find in his examination or in his review of the attorney's previous medical records any evidence of a post-traumatic war syndrome. The Supreme Court found that Fernández Paoli's misappropriation of his clients' money and his subsequent explanation to the court for his behavior constituted violations of Canons 23 and 35 of the Canons of Professional Ethics.[1]

The local rules for the United States District Court for the District of Puerto Rico provide that when a lawyer licensed to practice in this Court has been suspended or disbarred from practice in another court, the attorney will be subject to suspension or disbarment in this Court. *See* Local Rule 211(2). By an order dated June 18, 1996, this Court ordered Fernández Paoli to show cause within 30 days why disciplinary action should not be taken against him. To date, Fernández Paoli has not responded to the Court's order.

---

1. Canon 23 reads in pertinent part:
    The fiduciary nature of the relations between client and lawyer demands that they be grounded in absolute honesty. Particularly, the money of the client or other trust property coming to the possession of the lawyer should be reported promptly and should not be commingled or permitted to be commingled with his private property.
Canon 35 reads in pertinent part:

    The conduct of any member of the legal profession before the courts toward his clients and in his relations with his colleagues should be candid and fair.
    It is not candid or fair to use means which are inconsistent with the truth nor should the judge be led to error by using guiles or a false statement of facts or of the law.
P.R. Laws Ann. tit. 4, App. IX (1978).

 

 Fernández Paoli's misappropriation of money intended for his clients was so clearly a violation of his duty as a lawyer that the Court need not dwell on the egregiousness of his behavior. The preamble of the Model Rules of Professional Conduct[2] states that a lawyer is a representative of his clients, that a lawyer must maintain communication with his clients concerning this representation, and that a lawyer's conduct should conform to the requirements of the law. Fernández Paoli completely failed to comply with these requirements. Furthermore, Model Rule 8.4(c) states that "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation...." Fernández Paoli's dishonest and deceitful behavior towards his clients constitutes professional misconduct as defined by Model Rule 8.4(c).

 In determining whether to follow the local court's disciplinary measure, the federal court should consider the due process afforded to the disciplined attorney. *In re Ruffalo,* 390 U.S. 544, 550, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117 (1968); *Matter of Masini–Soler,* 882 F.Supp. 23, 26 (D.P.R.1995). In the present case, Fernández Paoli filed an answer to the charges against him before the Puerto Rico Supreme Court. A psychiatrist examined Fernández Paoli, and the psychiatrist's report was submitted to the Supreme Court. The Supreme Court then ordered Fernández Paoli to show cause why it should not proceed to a ruling on the merits based on the record currently before it. Fernández Paoli failed to respond. The Puerto Rico Supreme Court then issued its order suspending him indefinitely from the practice of law. In light of the foregoing, this Court finds that Fernández Paoli's disciplinary proceeding comported with the guarantees of due process.

 A federal court may accord full faith and credit to a disciplinary action taken by a local court. *Selling v. Radford,* 243 U.S. 46, 49, 37 S.Ct. 377, 378, 61 L.Ed. 585 (1917). The local court's action is entitled to a high degree of respect. *Theard v. United States,* 354 U.S. 278, 282, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957). Here the Court finds that it is appropriate to accord full faith and credit to the Puerto Rico Supreme Court's well-reasoned opinion and to impose disciplinary sanctions on Fernández Paoli. Pursuant to Model Rule 8.4(c), the Court finds that Fernández Paoli engaged in misconduct constituting dishonesty, fraud, and deceit. The Court hereby orders the disbarment of José A. Fernández Paoli for conduct unbecoming a member of the bar of this Court.

WHEREFORE, it is hereby ordered that the name of **José A. Fernández Paoli** be stricken from the roll of attorneys permitted to practice before this Court.

**IT IS SO ORDERED.**

---

2. Attorneys admitted to practice before the United States District Court of Puerto Rico are subject to the American Bar Association Model Rules of Professional Conduct. Local Rule 211(4)(B); *In re Cordova–Gonzalez,* 996 F.2d 1334, 1335 n. 1 (1st Cir.1993).