**In re Ivan M. FLORES–AYFFAN**

**No. Civ. 00–1714.**

United States District Court,
D. Puerto Rico.

Sept. 20, 2000.

BEFORE: Chief Judge LAFFITTE,
Judge PEREZ–GIMENEZ, Judge
CEREZO, Judge FUSTE, Judge
CASELLAS, Judge DOMINGUEZ, and
Judge GARCIA–GREGORY.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is the disciplinary matter of attorney Ivan M. Flores–Ayffan ("Flores–Ayffan"). By an order dated May 2, 2000, the Puerto Rico Supreme Court indefinitely suspended him from the practice of law. See *In re Ivan M. Flores–Ayffan,* CP–1999–7, May 2, 2000. Flores–Ayffan undertook the representation of Blanca G. Torres Gerena ("Torres") in the local court in connection with injuries she received in the explosion of an air conditioner at the Arecibo Memorial Funeral Home. After Torres had retained Flores–Ayffan's services, Flores–Ayffan proceeded to do absolutely nothing in pursuit of Torres' cause of action. By his inaction, he allowed the statute of limitations on Torres' cause of action to run, thus preventing her from being able to bring a claim for redress for her injuries. Flores–Ayffan also failed to keep Torres informed of certain expert medical opinions that he procured and failed to tell Torres that the statute of limitations on her cause of action had run. Finally, Flores–Ayffan made false representations to Torres that he was continuing to work on the case, when in fact he was doing nothing, and he knew that Torres' claim had become time-barred.

In his answer to the disciplinary proceedings that were brought against him before the Supreme Court of Puerto Rico, Flores–Ayffan claimed that he told Torres that he only accepted her case for the purpose of analyzing whether a viable complaint could be filed, not for the purpose of actually filing a complaint. Flores–Ayffan also claimed that he told Torres that in order to file a complaint, Torres had to submit to various medical examinations, which she failed to do. Finally, Flores–Ayffan argued that only a competent court could determine whether Torres' cause of action was time-barred.

The Supreme Court then appointed a Special Commissioner to make a report

pertaining to Flores–Ayffan's misconduct. The Special Commissioner determined in his report to the Supreme Court, among other factual findings, that Flores–Ayffan indeed undertook the representation of Torres in connection with her injuries. Flores–Ayffan requested time to reply to the Special Commissioner's report, and the Supreme Court granted his request. Flores–Ayffan, however, never filed a reply. Consequently, the Supreme Court entered a *per curiam* opinion and order and entered judgment accordingly. The Supreme Court found that Flores–Ayffan's inaction and misleading conduct constituted violations of Canons 18, 19, and 35 of the Canons of Professional Ethics.[1]

The Local Rules of the United States District Court for the District of Puerto Rico provide that when a lawyer licensed to practice in this Court has been suspended or disbarred from practice in another court, the attorney will be subject to suspension or disbarment in this Court. See Local Rule 211(2). By an order dated May 2, 2000, this Court ordered Flores–Ayffan to show cause within 30 days why disciplinary action should not be taken against him. On July 7, 2000, Flores–Ayffan filed a Motion in Compliance to [sic] Order, Dkt. No. 2. In that motion, he explained to the Court that his being disciplined by the Supreme Court of Puerto Rico had nothing to do with his "conviction of a felony or any other crime involving moral turpitude." Dkt. No. 2. Further, Flores–Ayffan argued that his punishment was not proportional to his "mistake." *Id.*

■ The Court finds these assertions unavailing. Flores–Ayffan's behavior was not merely "negligent," as he admits. It was flatly dishonest. Such behavior by a lawyer admitted to practice before this Court can not be tolerated. The preamble of the Model Rules of Professional Conduct[2] states that a lawyer is a representative of his client and that a lawyer must maintain communication with his client concerning this representation. Flores–Ayffan completely failed to comply with these requirements. Furthermore, Model Rule 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." Model Rule 1.4(a) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Finally, Model Rule 8.4(c) states that "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation...." Flores–Ayffan's behavior towards his client violates all of these provisions.

---

1. Canon 18 reads in pertinent part:
   It would be improper for a lawyer to assume professional representation when he is conscious that he cannot render suitable, competent service and that he cannot prepare himself properly without it entailing unreasonable expenses or delay to his client, or to the administration of justice.
   It is the duty of the lawyer to defend the interests of the client diligently, exerting in each case his utmost learning and ability, and acting in the manner which the judicial profession in general deems adequate and responsible.
   Canon 19 reads in pertinent part:
   The lawyer should always keep his client informed about every important issue which arises in the development of the case which has been entrusted to him.
   Whenever the controversy will admit a reasonable settlement or adjustment, he should advise the client to avoid or to end the litigation, and it is the duty of the lawyer to notify his client of any offer of adjustment made by the other party.
   Canon 35 reads in pertinent part:
   The conduct of any member of the legal profession before the courts toward his clients and in his relations with his colleagues should be candid and fair.
   It is not candid or fair to use means which are inconsistent with the truth....
   P.R.Laws Ann. tit. 4, App. IX (1994).

2. Attorneys admitted to practice before the United States District Court for the District of Puerto Rico are subject to the American Bar Association Model Rules of Professional Conduct. Local Rule 211(4)(B); *In re Cordova-Gonzalez*, 996 F.2d 1334, 1335 n. 1 (1st Cir. 1993).

■ In determining whether to follow the local court's disciplinary measure, the federal court should consider the due process afforded to the disciplined attorney. *In re Ruffalo,* 390 U.S. 544, 550, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968); *In re Paoli,* 932 F.Supp. 51 (D.P.R.1996); *Matter of Masini–Soler,* 882 F.Supp. 23, 26 (D.P.R. 1995). In the present case, Flores–Ayffan filed an answer in the disciplinary proceedings against him before the Supreme Court of Puerto Rico. Flores–Ayffan also requested and was granted an opportunity to reply to the findings of the Special Commissioner, and he failed to do so. The Puerto Rico Supreme Court then issued its order suspending him indefinitely from the practice of law. In light of the foregoing, this Court finds that Flores–Ayffan's disciplinary proceeding comported with the guarantees of due process.

■ A federal court may accord full faith and credit to a disciplinary action taken by a local court. *Selling v. Radford,* 243 U.S. 46, 49, 37 S.Ct. 377, 61 L.Ed. 585 (1917). The local court's action is entitled to a high degree of respect. *Theard v. United States,* 354 U.S. 278, 282, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957). Here the Court finds that it is appropriate to accord full faith and credit to the Supreme Court of Puerto Rico's well-reasoned opinion and to impose disciplinary sanctions on Flores–Ayffan. The Court also finds that Flores–Ayffan violated Model Rules 1.3, 1.4(a), and 8.4(c). The Court hereby orders the disbarment of Ivan A. Flores–Ayffan for conduct unbecoming a member of the bar of this Court.

WHEREFORE, it is hereby ordered that the name of **Ivan M. Flores–Ayffan** be stricken from the roll of attorneys permitted to practice before this Court.

**IT IS SO ORDERED.**