**In re Carlos M. Mangual LOPEZ.**

No. 00–2503.

United States District Court, D. Puerto Rico.

April 16, 2001.

---

BEFORE: Chief Judge LAFFITTE, Judge PEREZ–GIMENEZ, Judge CEREZO, Judge FUSTE, Judge CASELLAS, Judge DOMINGUEZ, and Judge GARCIA–GREGORY.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is the disciplinary matter of attorney Carlos M. Mangual Lopez ("Mangual"). By an order dated October 23, 2000, the Supreme Court of Puerto Rico indefinitely suspended him from the practice of law. *See In re Carlos M. Mangual Lopez*, RT–1998–3550, October 23, 2000.

### Background

Mangual tardily complied with certain requirements of the Notarial Law of Puerto Rico. As a result, the Director of the Office of Notary Inspection sent notices to Mangual on three separate occasions informing him of his duty to explain his tardy performance of his notarial duties. Mangual failed to respond to any of the Director's notices.

The matter then moved into the domain of the Supreme Court. As a result of Mangual's disregard of the Director's authority, the Supreme Court granted Mangual thirty days to comply with the Director's notices and to show cause why he should not be sanctioned by the Supreme Court. In response to the order to show cause, Mangual entered an appearance before the Supreme Court and explained his original acts of tardiness. Unfortunately, however, Mangual failed to comply with the Supreme Court's order by failing to provide any evidence to support his explanation.

Subsequently, the Director of the Office of Notary Inspection notified the Supreme Court of "certain anomalies found in [Mangual's] monthly [notarial] indices." The Director informed the Supreme Court that she had returned one of Mangual's indices to him so that he could re-file it with the legally-required explanations. Mangual failed to do so. In response, the Supreme Court ordered Mangual to comply and granted him fifteen days for that purpose.

After this period of time expired without any response from Mangual, the Supreme Court ordered Mangual to appear and explain his failure to comply with the Supreme Court's order. At that time, Mangual appeared and blamed his non-compliance with the Supreme Court's most recent order on health problems. At the same time, the Director of the Office of Notary Inspection informed the Supreme Court that Mangual had also failed to respond to two additional notices sent to him by her office concerning numerous defects in several of Mangual's notarial submissions.

Subsequently, the Supreme Court again granted Mangual twenty days, this time under pain of sanctions, to comply with the Supreme Court's most recent order, as well as to fulfill any of the Director's outstanding requirements. In spite of this, Mangual failed to comply and requested a further extension of twenty days to do so,

citing health problems, among other reasons.

After the passage of the time requested by Mangual, the Director of the Office of Notary Inspection informed the Supreme Court that Mangual had not even bothered to contact her office to remedy any of the various problems with Mangual's notarial work. The Director further pointed out that in spite of Mangual's assertions of health problems, he had been keeping up with filing his monthly notarial indices with sufficient punctilio to suggest that he was in adequate health to comply with the various unheeded orders of the Supreme Court.

In response to all of this, the Supreme Court *again* ordered Mangual to comply with the Court's orders and to remedy the defects in his notarial filings. The Supreme Court further informed Mangual that failure to comply could result in his provisional suspension from the practice of law. After the Supreme Court issued this order, the Director of the Office of Notary Inspection informed the Court that Mangual had only partially complied with his various duties. The Supreme Court granted Mangual twenty days to respond. Mangual then requested an extension of thirty more days. The Supreme Court granted Mangual the requested extension, and Mangual proceeded to allow the period to lapse without taking any action whatsoever. The Supreme Court then gave Mangual an additional ten days under pain of sanctions to comply with the Supreme Court's orders. At the time of the Supreme Court's *per curiam* opinion and order suspending Mangual from the practice of law, over one month after the expiration of the ten-day period. Mangual had still taken no steps to comply.

According to the Supreme Court, Mangual demonstrated extreme "neglect, indifference, and lack of diligence," in spite of the repeated opportunities afforded him. The Supreme Court noted every lawyer's "obligation to respond diligently to the requests of [the Supreme Court] and the Office of Notary Inspection." In sum, the Supreme Court declared that Mangual's indifference "is incontrovertible evidence that he lacks the most minimum respect for the judgment of this Court. Such an attitude has an intolerably degrading effect on our regulatory function and demonstrates a worrisome indifference to the basic postulates of professional regulation." Because of this, the Supreme Court suspended Mangual from the practice of law indefinitely.

## Discussion

■ The Local Rules of the United States District Court for the District of Puerto Rico provide that when a lawyer licensed to practice in this Court has been suspended or disbarred from practice in another court, the attorney will be subject to suspension or disbarment in this Court. See Local Rule 211(2). By an order dated November 28, 2000, this Court ordered Mangual to show cause within 30 days why disciplinary action should not be taken against him. After two and one-half months passed without a response from Mangual, the Court entered an order transferring this case to Chief Judge Laffitte for further prosecution. Subsequently, Mangual file a Motion Requesting Stay, in which he asked the Court for an opportunity to respond to the findings of the Supreme Court of Puerto Rico and claimed that he had never been notified of this Court's November 28, 2000 Order to Show Cause. Finally, on March 19, 2001. Mangual filed a Motion Showing Cause why this Court should not take disciplinary action against him.

■ In his Motion Showing Cause, he explained to the Court that his being disciplined by the Supreme Court of Puerto

Rico was only for violations of the notarial law and not for any breach of the "Code of Professional Ethics of Lawyers." He further claimed that the Supreme Court of Puerto Rico suspended him from the practice of law summarily without opportunity to be heard. In addition, Mangual argued that his suspension had nothing to do with any "misconduct, misappropriation, impropriety, violation of any criminal statute or other violation related to any law that implies moral turpitude." Mangual went on to assert that he is still in the process of attempting to amend the suspension handed down by the Supreme Court. Finally, Mangual pointed out that "[a]ttorneys are governed by the Code of Professional Ethics and Notaries are governed by the Notarial Law and its Regulations."

The Court finds these assertions unavailing. Mangual's attempt to draw a distinction between the notarial and legal spheres is specious. The Supreme Court suspended Mangual not for his notarial deficiencies but rather for his refusal to show even the most basic respect for the authority of the Supreme Court of Puerto Rico. Mangual's claim that he was denied the opportunity to be heard is so clearly belied by the facts of this case as to border on sanctionable conduct. In addition, Mangual's attempts to "amend" his suspension are moribund, as his request for reconsideration was summarily denied by the Supreme Court. Finally, Mangual's assertion that his behavior involved no "moral turpitude" is simply irrelevant. Mangual's actions in this case are inexcusable. Such behavior by a lawyer admitted to practice before this Court can not be tolerated.

■ In determining whether to follow the local court's disciplinary measure, the federal court should consider the due process afforded to the disciplined attorney. *In re Ruffalo,* 390 U.S. 544, 550, 88 S.Ct.

1222, 20 L.Ed.2d 117 (1968); *In re Paoli,* 932 F.Supp. 51 (D.P.R.1996); *Matter of Masini–Soler,* 882 F.Supp. 23, 26 (D.P.R. 1995). In the present case, Mangual was given countless opportunities to present his story to the Supreme Court. Instead of taking advantage of these opportunities, Mangual squandered them. The Puerto Rico Supreme Court then issued its order suspending him indefinitely from the practice of law. In light of the foregoing, this Court finds that Mangual's disciplinary proceeding comported with the guarantees of due process.

■ A federal court may accord full faith and credit to a disciplinary action taken by a local court. *Selling v. Radford,* 243 U.S. 46, 49, 37 S.Ct. 377, 61 L.Ed. 585 (1917). The local court's action is entitled to a high degree of respect. *Theard v. United States,* 354 U.S. 278, 282, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957). Here the Court finds that it is appropriate to accord full faith and credit to the Supreme Court of Puerto Rico's well-reasoned opinion and to impose disciplinary sanctions on Mangual. The Court hereby orders the disbarment of Carlos M. Mangual Lopez for conduct unbecoming a member of the bar of this Court.

WHEREFORE, it is hereby ordered that the name of **Carlos M. Mangual Lopez** be stricken from the roll of attorneys permitted to practice before this Court.

**IT IS SO ORDERED.**